■ Mike Grasso et al., Respondents, v Country-Wide Insur-

ANCE COMPANY, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County (Kirschenbaum, J.), entered July 11, 1986, which, *inter alia,* (1) declared that an automobile insurance policy issued by appellant Country-Wide to plaintiff, Grasso, was in effect on December 14, 1983, the date on which the insured was involved in an automobile accident; (2) directed Country-Wide to defend Mr. Grasso in an action arising from that accident and pending before Civil Court, Queens County, and (3) assessed counsel fees against Country-Wide in the amount of $7,500, modified, on the law, to the extent of reducing the said counsel fees to $1,436, and otherwise affirmed, without costs.

Plaintiff sought judgment declaring the rights of the parties under a liability insurance policy issued by defendant Country-Wide Insurance and sought to have that company defend and indemnify in connection with an action brought by G & S Transport, the owner of another vehicle involved in an accident on December 14, 1983. Country-Wide had denied coverage, relying on a purportedly mailed notice of cancellation. Supreme Court properly found the cancellation notice to be defective. (Vehicle and Traffic Law § 313; *Nassau Ins. Co. v Murray,* 46 NY2d 828 [1978].)

Supreme Court awarded the plaintiff's attorney's fees in the amount of $7,500. This included counsel's charges for the prosecution of the action here on appeal, as well as for the defense of the Civil Court action pending in Queens County. The award was based on 82.25 hours of professional services at an hourly rate of approximately $91. Of this total, 15.75 hours were devoted to the defense of the Civil Court action. The charges for those hours would total $1,436. The holder of an insurance policy is not entitled to recover legal fees and expenses for the prosecution of a declaratory judgment action against an insurer, but only those necessitated when he has been cast in a defensive posture by legal steps taken by an insurer in an effort to free itself from its policy obligations. *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12 [1979]; *Matter of Aetna Cas. & Sur. Co. v Dawson,* 84 AD2d 708 [1st Dept 1981], *affd* 56 NY2d 1022 [1982].) Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Wallach, JJ.