■ ESTATE OF RUTH COPPERSMITH et al., Respondents-Appellants, v BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Appellant-Respondent, et al., Defendant.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered April 27, 1990, which, *inter alia,* granted that part of defendant Blue Cross

and Blue Shield's (BCBS) cross-motion to dismiss the individual plaintiffs' second cause of action for emotional distress, and denied that branch of the cross-motion seeking dismissal of plaintiffs' claim for a declaration that they are entitled to attorney fees as an element of damages based on said defendant's breach of contract, unanimously modified, on the law, to the extent of dismissing plaintiffs' second cause of action as to defendant BCBS only, and otherwise affirmed, without costs or disbursements.

Plaintiffs commenced this action against the defendant hospital (which seeks recovery of medical expenses from plaintiffs in a separate action), and against defendant BCBS, which had insured plaintiffs' decedent under a health insurance contract providing major medical benefits. Pursuant to this contract, BCBS paid Montefiore Hospital for the decedent's hospital care through May 2, 1984. BCBS refused to pay the remainder of the bill, claiming that the decedent did not require acute care after that date and thus was not covered. In September, 1984, after BCBS notified the hospital that it would not pay for hospital care subsequent to May 2, 1984, the decedent was transferred to another facility where she died two days later. Montefiore then sued plaintiffs for the unpaid hospital charges.

In their first cause of action plaintiffs seek a declaration that BCBS is obligated to pay for decedent's hospital care from May 3, 1984 until the time of her death and that they were entitled to legal fees and expenses in connection with their defense of the underlying action. Whether plaintiffs were entitled to such legal fees is an issue of first impression. It is well established that the non-breaching party in a breach of contract case can recover damages that are the natural and probable consequence of the breach. (Kenford Co. v County of Erie, 73 NY2d 312, 319.) In the event of an insurer's refusal to pay the hospital expenses of an insured, the provider will seek payment directly from the insured. Given the staggering costs of hospital care and the widespread reliance on insurance to pay such costs, it is reasonable to conclude that an insured would be unable to pay these costs and that the hospital would commence an action to recover them. Thus, we are of the view that the attorneys' fees ultimately incurred by plaintiffs in defense of Montefiore's action can be regarded as "damages which are the natural and probable consequence of the breach" (supra, at 319) and are thereby recoverable.

In their second cause of action, the individual plaintiffs allege that they were caused to suffer "substantial" mental

distress as a consequence of the "outrageous" conduct of BCBS in disclaiming liability for certain of decedent's medical expenses, allegedly contributing to her death. The second cause of action for emotional distress was properly dismissed as against BCBS. Its conduct, as alleged by plaintiffs, is not so extreme and outrageous as to exceed all bounds of decency, or to be utterly intolerable in civilized society, which is the requisite standard to sustain such a cause of action. (See, e.g., Burlew v American Mut. Ins. Co., 63 NY2d 412, 417.) Since the court's order can be interpreted as a dismissal against both parties and defendant Montefiore Hospital did not join in BCBS's cross-motion or itself move for such relief, we modify to strike the second cause of action only as to BCBS. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.