■ DIAGNOSTIC MOBILE IMAGING, INC., Appellant, v SALAMANCA DISTRICT HOSPITAL, Now Known as SALAMANCA DISTRICT AUTHORITY, Respondent. [594 NYS2d 920] —Order unanimously reversed on the law without costs, motion granted and matter remitted to Supreme Court for trial on damages only in accordance with the following Memorandum: Plaintiff Diagnostic Mobile Imaging, Inc. (DMI) and defendant Salamanca District Hospital (the Hospital) entered into a written agreement under which DMI was to provide computerized axial tomography services (CT scanning services) to the Hospital for its patients, for which the Hospital was to compensate DMI according to a schedule of fees per item of service set forth in the agreement. DMI agreed to make its services available for one four-hour time period per week. The Hospital agreed to guarantee DMI $1,000 for each four-hour block, with the Hospital to receive credit against the guarantee for actual amounts charged by DMI according to the schedule. The agreement was for a five-year period to commence on DMI's notice to the Hospital that three prior conditions had been satisfied. The contract also contained a non-waiver provision and provided for arbitration in the event of any dispute over the performance or interpretation of the contract. DMI began performing services on August 11, 1988. The Hospital paid pursuant to the terms of the agreement through December 1989. In 1990, the Hospital requested the State Department of Health to decertify it as a hospital and sought approval to operate as an alcohol treatment facility. Because defendant no longer operated as a Hospital, it no longer had any need for DMI's services and has defaulted in payments. DMI instituted this action to recover damages for breach of contract seeking $18,707.75 for actual services rendered through March 1990, and $1,000 per week under the guarantee provision of the contract for the period April 1, 1990 until the expiration of the contract on August 11, 1993.

Supreme Court denied plaintiff's motion for summary judgment but did not address plaintiff's alternative motion to

dismiss defendant's affirmative defenses pursuant to CPLR 3211 (b). The court should have granted the motion to dismiss the four affirmative defenses. The record establishes that: (1) Defendant waived its right to arbitration by actively participating in discovery, by responding to five examinations before trial and by serving interrogatories upon plaintiff and demanding the production of documents. Defendant's actions constitute "a sufficiently affirmative use of the judicial process" so as to be inconsistent with any continuing right to arbitrate *(De Sapio v Kohlmeyer,* 35 NY2d 402, 406; *see, City of Niagara Falls v Rudolph,* 91 AD2d 817). (2) Plaintiff submitted evidence that it fulfilled the contractual conditions and defendant tendered no evidence disputing that fact. Furthermore, because defendant has not alleged that it ever provided notice of termination, it has stated no defense under that condition. (3-4) The affirmative defenses of impossibility of performance are likewise without merit. The excuse of impossibility of performance is generally limited to the destruction of the means of performance by an act of God or by law *(see, 407 E. 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275, 281). "[W]here impossibility or difficulty of performance is occasioned only by financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy, performance of a contract is not excused" *(407 E. 61st Garage v Savoy Fifth Ave. Corp., supra,* at 281; *Stasyszyn v Sutton E. Assocs.,* 161 AD2d 269, 271). Moreover, defendant cannot rely upon the fact that it was decertified to operate as a hospital because the record clearly establishes that defendant was decertified at its own request based upon a business decision that it would be unprofitable to continue to stay in business as a hospital. Thus, none of defendant's affirmative defenses can be asserted against liability for services already rendered under the contract.

We further conclude that Supreme Court erred in denying plaintiff's motion for summary judgment with respect to liability. Plaintiff established by proof in admissible form that it rendered actual services for the benefit of the Hospital between January 1990 and March 1990 which resulted in the Hospital being indebted to DMI in the amount of $11,995 and defendant did not dispute liability for those services. Accordingly, plaintiff established its entitlement to damages in the amount of $11,995 for actual services rendered. We also conclude that defendant is liable for damages under the minimum guarantee provision of the agreement. We find, however, that there are triable issues of fact with respect to

the amount of damages due and owing on the guarantee payments. Defendant asserts that plaintiff presently has four mobile units, two more than it had at the inception of its agreement with Salamanca, and that those units are engaged in providing services five days a week, so that it is possible that there has been no loss to DMI as a result of this breach. That argument goes only to mitigation of damages, however, and does not preclude summary judgment on liability. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.