■ JOHN W. WILLIAMS, Appellant, v ASSOCIATED MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants. [621 NYS2d 206] —Casey, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 20, 1993 in Rensselaer

County, which granted defendant Associated Mutual Insurance Company's motion for partial summary judgment and dismissed certain paragraphs of the complaint.

Simply stated, plaintiff commenced this action to recover damages allegedly arising out of the failure of defendant Associated Mutual Insurance Company (hereinafter Associated) to timely defend plaintiff in a wrongful death action. For the purposes of this appeal, Associated concedes that plaintiff was an insured to whom a duty to defend was owed and that a default judgment was entered against plaintiff in the tort action. After plaintiff informed Associated of the default judgment, Associated ultimately negotiated a settlement of the tort action and made the payment required by the settlement.

In the meantime, plaintiff had entered into a contract for the sale of certain real property and the business which he operated on the property. The contract had a clause that made time of the essence. A title search revealed the existence of the default judgment as a lien on the property, and the buyer rescinded the contract when plaintiff was unable to have the lien removed within the time required for closing.

Plaintiff thereafter commenced this action, which alleges negligence, breach of contract and unjust enrichment against Associated. Paragraphs 23 through 29 allege plaintiff's damages which include legal fees, loss of proceeds from the sale of his property and business, costs incurred in maintaining the property and business, mental anguish and other similar items. Contending that the damages sought by plaintiff are not recoverable in a contract action, Associated moved for partial summary judgment dismissing paragraphs 23 through 29 of the complaint. Supreme Court granted the motion, resulting in this appeal by plaintiff.

Although plaintiff's complaint alleges three causes of action, it is clear from the allegations of the complaint that plaintiff has only one cause of action, which is based upon Associated's breach of the insurance contract. The duty alleged to have been breached by Associated is the duty to defend plaintiff, its insured, and that duty arose solely as the result of the obligation created by the parties' insurance contract. "A tort may arise from the breach of a legal duty independent of the contract, but merely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (Sommer v Federal Signal Corp., 79 NY2d 540, 551). Because of the express contract between plaintiff and Associated governing the subject matter,

plaintiff also has no unjust enrichment cause of action *(see, Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.,* 183 AD2d 758, 759).

We agree with Supreme Court that most of the damages sought by plaintiff are special or extraordinary damages which are recoverable in a breach of contract action only upon a showing that they were foreseeable and within the contemplation of the parties at the time the contract was made *(see, Kenford Co. v County of Erie,* 73 NY2d 312, 319). We conclude that the consequential damages claimed by plaintiff to have arisen as a result of his inability to close on the contract for the sale of his property and business, as well as the damages for mental anguish, altered standard of living, damage to plaintiff's credit rating and other similar damages, are not recoverable in this breach of contract action *(see, Sweazy v Merchants Mut. Ins. Co.,* 169 AD2d 43, *lv dismissed* 78 NY2d 1072; *DiBlasi v Aetna Life & Cas. Ins. Co.,* 147 AD2d 93, 103-104). As to plaintiff's claim for counsel fees, plaintiff is not entitled to recover fees incurred in seeking to compel Associated to comply with its duty to defend *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22). Plaintiff's complaint, however, includes a claim for counsel fees incurred by plaintiff in his direct effort to vacate the default judgment entered as a result of Associated's failure to defend plaintiff in the tort action. We conclude that such fees are recoverable as damages in this breach of contract action against Associated *(see, Estate of Coppersmith v Blue Cross & Blue Shield,* 177 AD2d 373; *see also, Grasso v Country-Wide Ins. Co.,* 132 AD2d 451). According to plaintiff's bill of particulars, the fee so incurred was $1,678 plus disbursements.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion with regard to paragraph 23 of the complaint; motion denied with regard to said paragraph; and, as so modified, affirmed.