■ MARTIN TESLER et al., Respondents, v PARAMOUNT INSURANCE COMPANY, Appellant. [633 NYS2d 119] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 15, 1993, which denied defendant insurer's motion to renew a prior order declaring that defendant is obligated to defend plaintiff insureds in the underlying action, unanimously affirmed, with costs.

Renewal was properly denied since the Workers' Compensation Board decision upon which defendant relies had been in existence for almost 18 months prior to defendant's initial motion for summary judgment, and should have been brought to the court's attention at that time (*Foley v Roche*, 68 AD2d 558, 568). In any event, even if a more flexible approach to renewal were warranted here (*see, De Almeida v Finesod*, 160 AD2d 491, 492), and renewal granted to consider the Workers' Compensation Board's decision, the result would be the same, since the Board denied benefits on the ground that the injured person's "[d]isability [was] less than waiting period", and not on the ground of his employment status, thus leaving unresolved the applicability of the policy exclusion for injuries sustained by an employee of the insured in the course of employment. Nor is there merit to defendant's claim of noncompliance with the notice provision of the policy. Plaintiffs demonstrated a good-faith and reasonable belief in their nonliability under the Workers' Compensation Law (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441), their insurance agent having advised them to that effect (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12), and there otherwise having been no indication that a liability claim would be brought against them (*see, 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 11, *affd* 30 NY2d 726). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.