[632 NYS2d 874]

Camp Kennybrook, Inc., Respondent, v Mark Kuller et al., Appellants.

Third Department, October 26, 1995

## APPEARANCES OF COUNSEL

*Mark Kuller*, Potomac, Maryland, and another, appellants *pro se*.

*Goldstein & Stoloff*, Monticello *(Gary D. Silver* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J. P.

Defendants enrolled their son Max Kuller in plaintiff, an incorporated summer camp owned and operated by Peter Landman in the Village of Monticello, Sullivan County, in the summer of 1990. Max was again enrolled in the summer camp the following year. Eight or nine days after his return home from the second year of camp, Max complained to his parents that a camp counselor, Daniel Goldsmith, had physically abused him during his stay at the camp. Max reported that Goldsmith repeatedly held him in a headlock, then inserted his finger inside his own pants and forced Max to smell it. Max stated that while Goldsmith treated other boys in the same way, he more often treated him and another boy in that way. Max further related that Goldsmith threatened both boys, stating that he would "put their heads through the wall" if they told anyone. Max said that he did not tell anyone of the treatment because of these threats.

Defendants confirmed through their inquiries that the other boy also had been treated as Max described by Goldsmith and then complained to Landman about the alleged treatment. Landman questioned Goldsmith about the claim of abuse. Goldsmith denied the claim, stating that he was only fooling around with the child pretending to put his finger down his pants, and offered to call defendants and explain. Landman reported Goldsmith's explanation to defendants and offered to let Goldsmith speak to them and explain. Defendant Mark Kuller told Landman he would get back to him but never did. The record lacks any evidence that defendants sought any medical, psychiatric or psychological treatment for Max. Defendants had agreed in writing to pay the cost of camp services and had paid $2,000 for 1992, leaving an unpaid balance of $1,396.98 due plaintiff. Defendants refused payment and plaintiff commenced suit for breach of contract in Supreme Court. The claim was transferred to Justice Court of

the Town of Thompson and the issues tried. Justice Court rendered judgment in favor of plaintiff for the sum demanded plus interest and costs.

Defendants appealed to County Court and the parties stipulated that the return of the Town Justice would be part of the record on appeal. County Court affirmed the judgment and defendants appeal County Court's order of affirmance to this Court.

Defendants argue that express and implied promises created a contractual duty upon plaintiff under general contract law and statutory law to furnish adequate care and supervision to Max while he was resident at the camp. Breach of such duty, defendants claim, excused and nullified their obligation to pay the unpaid balance. We find defendants' argument to be without merit. It is undisputed that Max remained at camp for the full summer season, that no notice was given to plaintiff of any breach in its performance of the terms of the contract and that defendants have failed to show the existence of any legal excuse for their failure to pay for the services rendered by plaintiff. Thus, defendants have not shown that plaintiff repudiated the contract, or that they should be relieved from performance due to impracticability, impossibility or mistake (see, 3 Williston, Contracts § 7.37, at 602-603 [Lord 4th ed]; 22 NY Jur 2d, Contracts, § 287, at 155; see also, e.g., *Kel Kim Corp. v Central Mkts.,* 70 NY2d 900, 902; *407 E. 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275, 281; *Diagnostic Mobile Imaging v Salamanca Dist. Hosp.,* 191 AD2d 974, 975).

While plaintiff assumed a duty of care and supervision over Max, with or without a specific agreement therefor, such duty is imposed by law independent of and extraneous to the contract, although connected with and dependent upon it (see, e.g., *Sommer v Federal Signal Corp.,* 79 NY2d 540, 551-552; *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389; *Williams v Associated Mut. Ins. Co.,* 211 AD2d 865, 866). Accordingly, plaintiff had no contractual or quasi-contractual duty to care for and supervise Max (see, *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 389; *Williams v Associated Mut. Ins. Co., supra,* at 866-867).

In determining whether defendants' claim is in contract, i.e., based on plaintiff's implied promise to exercise due care in performing the services required by the contract (see, *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 705), we must evaluate the nature of the remedy sought rather than the

theory of the liability advanced *(see, supra,* at 707-708; *Spingold Found. v Wallin, Simon, Black & Co.,* 184 AD2d 464, 465). Defendants do not seek the benefit of their contractual agreement with plaintiff, but rather assert that because of plaintiff's breach of its duty of care and supervision Max was physically and emotionally abused, causing him emotional harm warranting their release from their contractual obligation to pay the balance due for Max's stay at summer camp. Two separate distinct liabilities are involved, one arising in contract and the other in tort *(see, Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 324; *see also, Harley v Druzba,* 169 AD2d 1001, 1002). Defendants' allegations sound in tort and should have been interposed as a counterclaim with a demand for affirmative relief, not as a defense *(see generally, Kosok v Young Men's Christian Assn.,* 19 NY2d 935). Review of the record in "a light most favorable to sustain the judgment" *(Merrill Transp. Co. v State of New York,* 97 AD2d 921; *see, Strauf v Ettson Enters.,* 106 AD2d 737, 738) supports County Court's findings that defendants failed to prove that plaintiff breached the written contract or that defendants sustained any damages.

CREW III, CASEY, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the amended order is affirmed, with costs.