■ EDWIN MALDONADO, Plaintiff, v C.L.-M.I. PROPERTIES, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. FOUR OF A KIND CONTRACTING, INC., et al., Third-Party Defendants; SIRIUS AMERICAN INSURANCE COMPANY, Defendant and Third-Party Defendant-Respondent. [835 NYS2d 335]—

In an action to recover damages for personal injuries, and a third-party action for a judgment declaring that the third-party defendant, Sirius American Insurance Company, is obligated to defend and indemnify the third-party plaintiffs in the main action, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 9, 2006, which denied their motion for summary judgment declaring that Sirius American Insurance Company is obligated to defend and indemnify them in the main action.

Ordered that the order is affirmed, with costs.

On their motion for summary judgment, the defendants and third-party plaintiffs (hereinafter the third-party plaintiffs) failed to establish that the disclaimer letter of their insurer, the defendant and third-party defendant (hereinafter the insurer), was ineffective. The letter apprised the third-party plaintiffs that coverage was being disclaimed on the ground of untimely notice of the occurrence by the insured, Home Magician, Inc. (hereinafter the insured), in violation of the policy terms and conditions. The third-party plaintiffs' assertion that the letter incorrectly identified a witness to the accident as an employee of the insured does not change the basis for the disclaimer, which was clearly stated as late notice by the insured (*see Abreu v Huang*, 300 AD2d 420 [2002]).

Moreover, the third-party plaintiffs failed to establish that the insurer improperly disclaimed as against the plaintiff in the main action. An injured person has an independent right to give notice to an insurer, and is not to be charged vicariously with an insured's delay (*see Becker v Colonial Coop. Ins. Co.*, 24 AD3d 702 [2005]; *Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564 [1957], *affd* 4 NY2d 1028 [1958]). However, where an injured party fails to exercise the independent right to notify an insurer of the occurrence, a disclaimer issued to an insured for failure to satisfy the notice requirement of the policy will be effective as against the injured party as well (*see Viggiano v Encompass Ins. Company/Fireman's Ins. Co. of Newark, N.J.*, 6 AD3d 695 [2004]). In this case, there is no evidence that the plaintiff ever gave notice to the insurer, and the insurer's disclaimer also specified the plaintiff's failure to provide timely notice as a separate ground for disclaiming coverage in the main action.

Thus, the third-party plaintiffs failed to establish their entitlement to judgment as a matter of law, and the Supreme Court properly denied their motion. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.