■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, v JAISON JOHN REALTY CORP. et al., Appellants, and ELISABETH DIAS, Respondent. [874 NYS2d 91]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered June 23, 2008, which, in a declaratory judgment involving whether plaintiff insurer (Tower) is obligated to defend and indemnify defendants apartment building owner and property manager (collectively John) in an underlying action brought by defendant tenant (Dias) for personal injuries sustained when she fell down a stairway in the building, upon motions for summary judgment, declared that Tower is not obligated to defend and indemnify John and that Dias gave Tower timely and otherwise valid notice of the accident in accordance with Insurance Law § 3420 (a) (3), unanimously modified, on the law, Tower's motion as to Dias granted, Dias's cross motion denied, and it is declared that Dias is not entitled to proceed directly against Tower, and otherwise affirmed, without costs.

It appears that later in the day of the accident, September 17, 2006, John was on the premises and saw that the stairway handrail had been removed. Then, while still on the premises, John received a phone call from the police informing him that a person named Dias had fallen down the stairs and that the handrail had been removed. John did not undertake to obtain a copy of the police report, which would have informed him that a tenant named Dias was taken from the building by ambulance after falling down the stairs due to a loose handrail, and that the police had removed a portion of the handrail. John asserts that he saw Dias the day after the accident and spoke to her and that she appeared fine and did not mention the accident, and that she called him several days after the accident to

complain about noise and hot water and again did not mention the accident, but he never asked her what, if anything, had happened or whether she was injured. John first gave Tower written notice of the accident on or about February 5, 2007, almost five months after the accident, when he forwarded the summons and complaint in the underlying action. These circumstances, particularly the missing handrail, establish that John's belief that Dias had not been injured and would not make a claim was unreasonable, and thus did not excuse the otherwise unreasonable five-month delay in giving notice of the accident (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005] [whether and to what extent insured has inquired into circumstances of accident may be relevant on issue of reasonableness]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239-240 [2002]; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583 [1998]).

Concerning the declaration in favor of Dias and against Tower, the December 20, 2006 letter from Dias's counsel to John advised John to notify his insurer of the accident, and that if counsel did not hear from John's insurer or legal representative within 20 days, Dias would commence an action. A month later, on or about January 23, 2007, having received no response and still unaware of the identity of John's insurer, Dias commenced suit against John, and, less than two weeks later, Tower received notice of the accident when John forwarded a copy of the summons and complaint. This is insufficient under Insurance Law § 3420 (a) (3). Dias never attempted to ascertain the identity of John's insurer and merely relied on correspondence to John (*Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305 [2008]). We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur— Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ. [*See* 20 Misc 3d 1108(A), 2008 NY Slip Op 51284(U).]