■ National Union Fire Insurance Company of Pittsburgh, Pa., et al., Plaintiffs, v Great American E&S Insurance Company, Appellant, and Solar Electric Systems, Inc., Respondent, et al., Defendant. [926 NYS2d 508]—

In November 2005, Solar, an electrical subcontractor, contracted with nonparty West-Fair Electric Contractors to provide the electrical work for a construction project undertaken by plaintiff Ethical Culture Fieldston School (ECF). Under the contract with West-Fair, Solar agreed to defend, indemnify and hold harmless ECF and the project manager, Tishman, as well as to procure insurance for both entities. Solar subsequently obtained a general liability policy through Great American and named Tishman and ECF as additional insureds on its certificate of insurance. The notice provision of the policy required all insureds to notify Great American of an occurrence and any ensuing claim or suit "as soon as practicable," and to immediately provide Great American with any legal papers in connection with a claim or suit.

On July 20, 2006, Lisa Best, a Solar employee, was injured at the project site. Best tripped over an extension cord, fell and injured her knee when she and her supervisor were completing a preliminary review of the project site in an area where Solar had not yet started work. She was taken by ambulance to the hospital and was advised to remain out of work for over a month as a result of her knee injury. On the day of the accident, Solar completed an "Employer's Report" and "Supervisor's 24-Hour Incident Report" detailing the accident and medical attention received by Best. Solar also faxed both reports to its workers' compensation carrier, individual insurance broker and Tishman. Notably, the insurance broker is not an agent of or associated

with Great American. Additionally, Solar filed the appropriate form with the New York State Workers' Compensation Board, and Best started receiving workers' compensation benefits on July 21, 2006.

In June 2007, Best commenced a personal injury lawsuit naming Tishman and ECF as defendants (the underlying action). In August 2007, Tishman and ECF served a third-party complaint on Solar, impleading it as a third-party defendant to Best's lawsuit. Tishman forwarded Best's lawsuit to Great American in June 2007, and Solar forwarded the third-party complaint to Great American in August 2007, along with a request for coverage per the general liability policy. ECF did not provide notice to Great American of the occurrence or underlying action until December 2007. Great American refused to provide insurance coverage to all three entities.

Tishman and ECF commenced this action seeking a declaratory judgment that Solar's insurer, Great American, was obligated to defend and indemnify them in the underlying action. Solar cross-claimed against Great American for a declaration that Great American is obligated to defendant and indemnify it in the underlying action. Great American subsequently moved for summary judgment dismissing the complaint and Solar's cross claim against it, and declaring that it has no duty to defend or indemnify Solar in the underlying action.

The motion court should have granted Great American's motion as to Solar to the extent of declaring that Great American is not required to provide coverage in the underlying action. The notice provision in the general liability policy operates as a condition precedent to coverage, and absent a valid excuse, failure to comply with the requirement vitiates the contract (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). Solar failed to provide timely notice of the occurrence because it did not notify Great American until August 2007, over one year after the accident. Indeed, this Court has found shorter delays to be untimely (*Brownstone Partners/AF&F, LLC v A. Aleem Constr., Inc.*, 18 AD3d 204, 205 [2005] [five-month delay]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235 [2002] [seven-month delay]).

Although a reasonable good faith belief of nonliability may, in certain circumstances, excuse a failure to give timely notice (*Great Canal*, 5 NY3d at 743), such circumstances do not exist here. Solar contends that because it believed Best's exclusive remedy was under the Workers' Compensation Law, it could not be held liable for her injuries. However, this claimed belief was not reasonable under the circumstances (*see Macro Enters., Ltd.*

*v QBE Ins. Corp.*, 43 AD3d 728 [2007] [holding that the plaintiff's belief that the injured employee's exclusive remedy was under the Workers' Compensation Law was not reasonable]). Moreover, Solar never sought clarification of the coverage at issue, either from its counsel or insurance carrier. Thus, *Tesler v Paramount Ins. Co.* (220 AD2d 334 [1995]), cited by the motion court and Solar, is distinguishable because, in that case, the insurance agent specifically advised the insured that there was no indication a claim could be brought against it. Here, there was no evidence that Solar was advised by any insurance agent as to nonliability.

Additionally, Solar's contract with West-Fair required it to defend, indemnify and hold harmless Tishman and ECF. Best was injured on property owned by ECF and managed by Tishman. It was not reasonable for Solar to believe that Best would not seek further recovery from the site owner and project manager, both of which Solar had agreed to defend and indemnify. In the face of this indemnification requirement, coupled with the fact that Best was taken by ambulance to the hospital and remained out of work for over a month, Solar is unable to show a reasonable belief in nonliability. Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.