**MT. HAWLEY INSURANCE COMPANY, Plaintiff,**

v.

**ABRAHAM LITTLE NECK DEVELOPMENT GROUP, INC., and Gilberto Diaz, Defendants.**

**No. 09–CV–3463 (ADS)(ARL).**

United States District Court, E.D. New York.

April 12, 2012.

Kenney Shelton Liptak Nowak LLP, by Timothy E. Delahunt, Esq., of Counsel, Buffalo, NY, for the plaintiff.

Kirschenbaum & Kirschenbaum, P.C., by Paul J. Tramontano, Esq., Tal Hirshberg, Esq., of Counsel, Garden City, NY, for Abraham Little Neck Development Group, Inc.

Gacovino, Lake & Associates, P.C. by Steven D. Gacovino, Esq., of Counsel, Sayville, NY, for Gilberto Diaz.

### ORDER

SPATT, District Judge.

This case arises from alleged injuries sustained by defendant Gilberto Diaz ("Diaz") in a September 22, 2008 accident at the construction site of defendant Abra-ham Little Neck Development Group, Inc. ("Abraham Little Neck"), which is currently the subject of an action in the New York State Supreme Court, Suffolk County ("the underlying action"). At the time of Diaz's accident, Abraham Little Neck was insured by plaintiff Mt. Hawley Insurance Company ("Mt. Hawley" or "the Plaintiff"). In a decision and order dated November 21, 2011, the Court granted Mt. Hawley's summary judgment motion against Abraham Little Neck, declaring that it is not obligated to cover, defend, or indemnify Abraham Little Neck with respect to the September 22, 2008 accident or the underlying action. *See Mt. Hawley Ins. Co. v. Abraham Little Neck Development Group, Inc. ("Mt. Hawley I")*, 825 F.Supp.2d 384 (E.D.N.Y.2011). The Court held that Mt. Hawley was entitled to disclaim coverage as to Abraham Little Neck based on Abraham Little Neck's noncompliance with the notice provision contained in the applicable insurance policy.

With respect to Mt. Hawley's claims against Diaz, the Court first noted that, although Diaz had not interposed a response to the motion for summary judgment, because Mt. Hawley had failed to introduce any argument or evidence with respect to its claim against Diaz, Mt. Hawley had not met its burden as the moving party to show the absence of a genuine issue of material fact. With respect to the substantive dispute, the Court held the following:

[P]ursuant to Insurance Law § 3420(a)(3), even where the insured's notice is untimely, the injured party "can prevent the insurer from disclaiming coverage on the basis of the insured's failure to provide timely notice by notifying the insurer themselves." *U.S. Underwriters Ins. Co. v. Tauber*, 604 F.Supp.2d 521 (E.D.N.Y.2009) (citing *Maldonado v. C.L.-M.I. Props., Inc.*,

39 A.D.3d 822, 823, 835 N.Y.S.2d 335 (2d Dep't 2007)). In particular, Insurance Law § 3420(a)(3) states in relevant part, that "written notice by … the injured person … to any licensed agent of the insurer … shall be deemed notice to the insurer." N.Y. Ins. L. § 3420(a)(3). Courts have interpreted Insurance Law § 3420(a)(3) to allow "an injured third party [to] seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident." *Gen. Accident Ins. Group v. Cirucci*, 46 N.Y.2d 862, 863–64, 414 N.Y.S.2d 512, 387 N.E.2d 223, 224–25 (1979); *accord Cont'l Ins. Co. v. Atlantic Cas. Ins. Co.*, 603 F.3d 169, 176 (2d Cir.2010); *AXA Marine and Aviation (UK) Ltd. v. Seajet Indus. Inc.*, 84 F.3d 622, 626 (2d Cir.1996) (citing *Lauritano v. Am. Fidelity Fire. Ins. Co.*, 3 A.D.2d 564, 162 N.Y.S.2d 553 (1st Dep't 1957), *aff'd*, 4 N.Y.2d 1028, 177 N.Y.S.2d 530, 152 N.E.2d 546 (1958)).

Although Insurance Law § 3420(a)(3) provides an injured party with the right to fulfill an insurance policy's notice obligation directly rather than relying on the insured, "the injured party has the burden of proving that he or she, or counsel, acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer". *Hanover Ins. Co. v. Prakin*, 81 A.D.3d 778, 780, 916 N.Y.S.2d 615, 618 (2d Dep't 2011). However, an injured party cannot satisfy this burden if it never actually gives notice to the insurance carrier. *See Garay v. Nat'l Grange Mut. Ins. Co.*, 117 Fed.Appx. 785, 787 (2d Cir.2004) ("Where, as here, the injured party has not actually exercised his right to provide independent notice under the statute, the insurer's disclaimer of coverage on the basis of the insured's late notice is effective against the injured party as well.").

Here, the only correspondence in the record before the Court from Diaz is the November 14, 2008 letter from Diaz's attorney to Abraham Little Neck requesting that Abraham Little Neck forward the information about Diaz's claim to its insurer. If this were the only attempt Diaz made to notify the Plaintiff, it would be insufficient as a matter of law. *See Tower Ins. Co. of N.Y. v. Jaison John Realty Corp.*, 60 A.D.3d 418, 419, 874 N.Y.S.2d 91, 92 (1st Dep't 2009) (holding that an injured parties letter to the insured advising him to "notify his insurer of the accident, and that if counsel did not hear from [the insured's] insurer or legal representative within 20 days, [the injured party] would commence an action" was insufficient under Insurance Law § 3420(a)(3) because the injured party "never attempted to ascertain the identity of … [the] insurer and merely relied on correspondence to [the insured]"). However, because the Plaintiff did not address its potential obligation to Diaz in its Rule 56.1 statement, summary judgment submissions, or even the complaint in this action, the Court does not know whether Diaz ever notified the Plaintiff directly, and, if so, whether that notice was timely. Accordingly, the Court has no information upon which to base a finding that the Plaintiff has no obligation to cover, defend, or indemnify Diaz and therefore the Plaintiff's motion for summary judgment as against Diaz is denied, without prejudice.

825 F.Supp.2d at 395–96.

On December 16, 2011, the Court held a hearing with regard to the status of Mt. Hawley's claims against Diaz. At this hearing, counsel for Diaz represented that steps had been taken to ascertain Mt. Hawley's identity in order to provide the requisite notice prior to the commence-

ment of the instant action, satisfying the due diligence requirement. According to his counsel, Diaz did not learn the identity of Mt. Hawley as Abraham Little Neck's insurer until he received the summons and complaint in the instant action.

Because there had been no discovery on this issue, the Court directed Diaz to submit a letter within ten days of the hearing setting forth his view as to the necessary discovery. The Court also granted Mt. Hawley until January 7, 2012 to submit a letter in response. After both submissions had been received, the Court stated that it would set a discovery schedule. The Court further stated that, following discovery, to the extent it wished to do so, Mt. Hawley would be permitted to make another motion for summary judgment.

On December 27, 2011, Diaz submitted a letter first arguing that he was only a nominal party and therefore he was not a proper party to the action. The Court finds that this argument is without merit. Next, Diaz argued that the notice provided by Abraham Little Neck to Mt. Hawley was sufficient and that any further notice by Diaz would have been superfluous. However, as the Court noted in *Mt. Hawley I*, Diaz can only take advantage of Insurance Law § 3420(a)(3) by providing his individual notice to Mt. Hawley, otherwise the adequacy of his notice was tied to that of Abraham Little Neck, which, as the Court already held in *Mt. Hawley I*, was insufficient as a matter of law. 825 F.Supp.2d at 396–97.

Finally, Diaz stated that his counsel diligently sought to ascertain the identity of Abraham Little Neck's insurer in order to provide the individual notice, but was unable to do so. Diaz further stated:

> It is Diaz['s] position that he does not require discovery from Mt. Hawley Insurance. However, counsel for Diaz in the underlying action is available to be deposed with regard to the diligent efforts made in attempting to ascertain coverage. In addition, Thomas Abraham did not appear for deposition in this action, and it is believed his testimony would corroborate the efforts made by Diaz in ascertaining the correct insurer.

(Docket Entry # 33 at 2.)

Rather than respond to the need for additional discovery, on January 6, 2012, Mt. Hawley filed a "Letter Motion to Amend/Correct/Supplement [the] Order on Motion for Summary Judgment", requesting that the Court amend *Mt. Hawley I* "to also grant summary judgment to Mt. Hawley *vis-à-vis* Mr. Diaz". (Docket Entry # 34 at 1.) From a procedural standpoint, this request is improper as it is neither a timely motion for reconsideration, nor a motion for summary judgment filed in conformance with this Court's Individual Rules. Thus, the Court will not address Mt. Hawley's contentions with regard to whether summary judgment is appropriate as against Diaz on the current record. As the Court stated at the hearing, regardless of whether the Court permits additional discovery—which, as set forth below, the Court will allow—the Court will afford Mt. Hawley an opportunity to file a motion for summary judgment with respect to its claims against Diaz. Accordingly, Mt. Hawley's "motion" is denied without prejudice to renew as a motion for summary judgment in conformance with this Court's Individual Rules, following discovery.

With respect to whether additional discovery is required, Mt. Hawley states that, because Diaz did not present any evidence in his December 27, 2011 submission, "there is no basis for new discovery at this stage of the action". (Docket Entry 34 at 2.) The Court disagrees.

In his December 27, 2011 letter, Diaz states:

Counsel for Mr. Diaz, Scott Zlotolow, Esq., his associates, Anthony Bilello, Esq., and a retained investigator, Vito Cannaza, are available to give testimony concerning the efforts they made to ascertain the insurer for Abraham Little Neck Development. This included several letters sent to Abraham Little Neck, telephone conversation with its owner, and checks of the County Clerk's office for licensing information ..... In addition, Thomas Abraham did not appear for deposition in this action, and it is believed his testimony would corroborate the efforts made by Diaz in ascertaining the correct insurer.

(Docket Entry 33 at 2.) The Court finds that, based on the representations in the letter from Diaz, further discovery is warranted in connection with: (1) whether Diaz engaged in the requisite due diligence to identify Mt. Hawley and (2) when Diaz received notice that Mt. Hawley was Abraham Little Neck's insurer. This potentially includes depositions of the relevant attorney involved in the underlying action; the investigator; and Thomas Abraham, as well discovery of the relevant correspondence.

Thus, the Court will reopen discovery in this case for these limited purposes. The Court respectfully refers this matter to United States Magistrate Judge Arlene R. Lindsay to set an expedited discovery schedule.

**SO ORDERED.**