Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 23, 2012, which denied plaintiff’s motion for partial summary judgment on liability on her Labor Law § 240 (1) claim, and denied defendant’s cross motion for summary *596 judgment dismissing the claim, unanimously modified, on the law, to grant plaintiff conditional partial summary judgment, and otherwise affirmed, without costs. Order, same court, Justice, and entry date, which denied defendant’s motion for summary judgment dismissing the complaint on the ground that the action is barred by the exclusivity provision of the Workers’ Compensation Law, unanimously affirmed, without costs.
Plaintiff Theresa Vasquez brought this action against defendant Cohen Brothers Realty Corporation after her husband, David Vasquez (Vasquez), died during the course of his employment at a building managed by defendant. Prior to his death, Vasquez was employed by the property owner as an engineer. On October 3, 2008, Vasquez, along with other members of the property’s engineering crew, was replacing ceiling tiles in the drop ceiling of the building’s loading dock. The tiles had been removed by a plumbing contractor hired to work on the sprinkler heads. The drop ceiling consisted of a grid that hung below the actual ceiling. Ceiling tiles and florescent lights fit into the rectangular sections in the grid. The drop ceiling was approximately 15 feet above the concrete floor of the loading dock.
To complete the work, Vasquez and a coworker, James O’Brien, used a two-man scissor lift to reach the drop ceiling. While replacing the tiles, Vasquez saw that a fluorescent light was missing from the grid. Vasquez asked O’Brien, who was operating the scissor lift, to raise it higher so he could see if the light fixture had been placed above the drop ceiling. When the lift was raised, Vasquez saw that the light fixture had been placed on an exhaust duct. The lift could not be raised above the drop ceiling as it would collide with the grid. In order to complete his repair work on the ceiling, Vasquez stepped onto the guardrail of the lift, climbed out of the lift basket and onto the exhaust duct. From his position on the duct, he reinstalled the fluorescent light.
Vasquez then attempted to replace the two ceiling tiles on the other side of the light fixture. Although he was able to replace the first tile, he had difficulty placing the second tile in the grid as it was further away from his position on the exhaust duct. Using a stick O’Brien handed him, Vasquez attempted to push the tile into place. As he was doing so, he lost his balance, falling to the ground and fatally hitting his head.
Plaintiff commenced this action, asserting that defendant was liable for her husband’s death under Labor Law § 240 (1) for failing to provide him with the proper safety device to complete his work. The complaint also asserted causes of action for *597 negligence and violations of Labor Law §§ 200 and 241. Plaintiff moved for partial summary judgment on liability on the 240 (1) claim and defendant cross-moved to dismiss the claim. Defendant also moved for summary judgment dismissing the entire action as barred by the exclusivity provision of the Workers’ Compensation Law. The motion court denied each of the motions. On the issue of 240 (1) liability, the court found there was an issue of fact whether Vasquez could have completed his work without leaving the lift.
Defendant’s motion for summary judgment, made on the ground that the complaint is barred by the exclusivity provision of the Workers’ Compensation Law (see Workers’ Compensation Law §§ 11, 29 [6]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 555 [1991]), was properly denied. Defendant maintains that it was Vasquez’s special employer because it hired all building employees, including Vasquez, and was also responsible for firing. However, plaintiff asserts the evidence establishes that defendant was not Vasquez’s special employer. Specifically, the property owner, not defendant, paid and provided benefits to Vasquez. Defendant’s evidence failed to establish as a matter of law that it “controlled] and direct[ed] the manner, details and ultimate result of” Vasquez’s work {Thompson, 78 NY2d at 558), and plaintiff acknowledges questions of fact exist on this issue. If the issue of defendant’s status as a special employer is resolved in plaintiffs favor, plaintiff is entitled to partial summary judgment on liability on her Labor Law § 240 (1) claim.
An owner or its agent is liable under Labor Law § 240 (1) if the plaintiff was injured while “engaged in an activity covered by the statute and [was] exposed to an elevation-related hazard for which no safety device was provided or the device provided was inadequate” {Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]). The statute requires “owners and their agents” to provide workers with adequate safety devices when they engage in activities such as repairing or altering a building (Labor Law § 240 (1); see Gordon v Eastern Ry. Supply, 82 NY2d 555, 559 [1993]). The purpose of the statute “is to protect workers by placing the ‘ultimate responsibility’ for worksite safety on the owner” {Gordon, 82 NY2d at 559, quoting 1969 NY Legis Ann at 407), and Labor Law § 240 (1) imposes strict liability on the owner for a “breach of the statutory duty which has proximately caused injury” {Gordon, 82 NY2d at 559).
Here, the work Vasquez was completing when the accident occurred falls squarely within the protection of Labor Law § 240 (1). Vasquez was working from an elevated height to repair the *598 ceiling, and defendant failed to provide him with an adequate safety device. It is undisputed that besides the lift, defendant did not supply the workers with harnesses or safety lines.
We reject defendant’s assertion that Vasquez’s decision to leave the lift was the sole proximate cause of his death. Although the building manager, Joseph Tesonero, stated in his affidavit that months prior to the accident he told Vasquez not to stand on the guardrails of the lift or leave the lift basket while it was elevated, an instruction to avoid an unsafe practice is not a sufficient substitute for providing a worker with a safety device to allow him to complete his work safely (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]; McCarthy v Turner Constr., Inc., 52 AD3d 333, 334 [1st Dept 2008]).
We have considered defendant’s remaining arguments and find them unavailing.
Concur—Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ.