Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered April 4, 2012, which, to the extent appealed from as limited by the briefs, denied third-party defendant Mt. Hawley’s motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and it is declared that Mt. Hawley is not obligated to defend or indemnify defendant/ third-party plaintiff Core in the main personal injury action.
The notice provision in the pre-2009 Mt. Hawley policy at issue operates as a condition precedent to coverage, and late notice of an occurrence, absent a valid excuse, vitiates coverage as a matter of law, regardless of any prejudice to Mt. Hawley (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Great Am. E&S Ins. Co., 86 AD3d 425, 426 [1st Dept 2011]). Here, the underlying accident occurred on May 26, 2009, and there is no dispute that Core, the insured and general contractor, was immediately aware of the accident and plaintiffs injuries. Core, however, did not place Mt. Hawley on notice until November 2009; therefore, notice was untimely as a matter of law (see Brownstone Partners/AF&F, LLC v A. Aleem Constr., Inc., 18 AD3d 204, 205 [1st Dept 2005] [five-month delay untimely]; Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235 [1st Dept 2002] [7V2-month delay untimely]).
Core’s assertion that it had a reasonable, good-faith belief that the accident would not result in liability fails as a matter of law, given that Core’s principal was aware of the accident within two days of its occurrence, it involved an accident at the project site and the injured person had to be transported by ambulance (see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 308 [1st Dept 2008]). Moreover, it is undisputed that Core did not undertake any investigation of the incident, or make inquiry regarding its alleged belief that it was not responsible for the area where the accident occurred. Thus, it could not have *637 formed a reasonable belief of nonliability (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743-744 [2005]; Tower Ins. Co. of N.Y. v Jaison John Realty Corp., 60 AD3d 418, 418-419 [1st Dept 2009]).
Based on the foregoing determination, the remaining issues need not be addressed. Concur—Acosta, J.E, Renwick, Richter and Feinman, JJ.