■ SABRE, INC., et al., Respondents, v THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA et al., Appellants. [52 NYS3d 355]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered December 5, 2016, which, insofar as appealed from, declared that defendants had a duty to defend plaintiffs in the underlying actions and that a conflict of interest precluded them from controlling the defense in those actions, struck the 24th affirmative defense, and denied defendants' motion for summary judgment dismissing the complaint and declaring that they had no duty to defend or indemnify plaintiffs in the underlying actions, unanimously affirmed, with costs.

The pleadings in the underlying actions allege facts within the scope of coverage under the subject insurance policies, giving rise under Texas law to the duty to defend (*see GuideOne Elite Ins. Co. v Fielder Rd. Baptist Church*, 197 SW3d 305, 308 [Tex 2006]). Because the facts to be adjudicated in the underlying actions were the same facts upon which coverage depended, a conflict of interest existed that precluded defendants from controlling the defense in those actions (*Northern County Mut. Ins. Co. v Davalos*, 140 SW3d 685, 689 [Tex 2004]).

We reject defendants' contention that plaintiffs never notified defendant Insurance Company of the State of Pennsylvania (ICSP) of the underlying claims or requested a defense from it. As conceded by ICSP, plaintiffs did eventually provide it notice of the claim. Because of its conflict of interest with its insured, ICSP could not have participated in the defense of the underlying action prior to its receipt of the notice, and has failed to show that it was prejudiced as required by the contract by Sabre's failure to provide notice on a timely basis.

Given the conflict of interest that precluded defendants from controlling the defense in the underlying actions, the motion court correctly dismissed the 24th affirmative defense insofar as it was based on litigation management guidelines included in the Chartis policy that required the claims handler's involvement in managing the underlying litigation. In addition, as to the limitations as set forth in Endorsement 4 that fees be charged by council on an hourly basis, there is evidence in the record that, as a matter of practice, the firm selected by plaintiffs to represent them did not bill by the hour, and yet it was included on the schedule of counsel in Endorsement 4, and Chartis specifically approved its representation of plaintiffs.

The court correctly determined that issues of fact exist as to plaintiffs' claims for prompt payment under Texas Insurance Code § 542.058 (a), which requires an insurer to pay a claim within 60 days after being provided all items, statements, and forms reasonably requested.

We have considered defendants' remaining contentions and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.