■ Cohen Brothers Realty Corp., Respondent, v RLI Insurance Company, Appellant, et al., Defendants. [56 NYS3d 92]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered August 8, 2016, which granted plaintiff's motion for summary judgment declaring that defendant RLI Insurance Company (RLI) is required to indemnify it for its damages and pay any outstanding reasonable attorneys' fees and defense costs it incurred in defending an underlying action in excess of those legal fees and costs already paid by nonparty New York State Insurance Fund (SIF), and denied RLI's cross motion for summary judgment, affirmed, without costs.

Plaintiff is the managing agent of a commercial office building located at 622 Third Avenue. Defendant RLI is plaintiff's primary commercial general liability (CGL) insurance carrier.

On October 3, 2008, nonparty engineer David Vasquez fell and fatally hit his head while replacing tile in the drop ceiling of the building's loading dock. On the date of the accident, plaintiff's vice president of management contacted plaintiff's insurance broker for the CGL policy. She was advised by the broker that the accident was a work-related fatality, and thus, a workers' compensation matter. She was assured that the CGL policy was inapplicable and that "nothing further needs

to be done." (The CGL policy expressly excluded from coverage "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law," as well as bodily injury to "[a]n employee of the insured arising out of and in the course of: [a] [e]mployment by the insured; or [b] [p]erforming duties related to the conduct of the insured's business.") Neither the broker nor plaintiff notified RLI of the incident.

Plaintiff promptly notified its workers' compensation carrier, the State Insurance Fund (SIF). SIF agreed to defend and indemnify plaintiff.

On March 6, 2009, the decedent's administratrix obtained an order to show cause to conduct discovery for the purposes of "framing a complaint" against plaintiff sounding in negligence and violations of the Labor Law. Plaintiff gave notice to RLI.

By letter dated April 1, 2009, RLI denied coverage on grounds of late notice and Vasquez's status as an "employee" at the time of the accident.

In May 2009, the decedent's administratrix commenced an action against plaintiff. SIF defended plaintiff in the underlying lawsuit, and paid workers' compensation benefits to Vasquez's estate. Plaintiff chose to retain its own counsel instead of SIF's law firm. SIF contributed $150 per hour toward payment of Greenberg Traurig's rate, with plaintiff paying the difference.

Following this Court's decision in *Vasquez v Cohen Bros. Realty Corp.* (105 AD3d 595 [1st Dept 2013]), holding that issues of fact required trial of Cohen Brothers' "special employer" defense, the *Vasquez* litigation was settled for $2.5 million. Plaintiff paid $1 million; its excess insurer paid the remaining $1.5 million.

Plaintiff commenced this declaratory judgment insurance coverage action against its broker and RLI on or about July 26, 2011. The motion court granted plaintiff's motion for a declaration that RLI was obligated to defend and indemnify it in the *Vasquez* litigation, and we now affirm.

Plaintiff's delay in notifying RLI was due to a reasonable, good faith belief that Vasquez's work-related fatality was outside the scope of the CGL policy, excusing the late notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]).[1]

In *Tesler v Paramount Ins. Co.* (220 AD2d 334, 334 [1st Dept

---

1. By amendment to the Insurance Law, effective January 17, 2009, applicable only to policies issued or delivered on or after that date, to deny

1995]), this Court held that the insureds demonstrated a "good-faith and reasonable belief" in their nonliability where the belief had been predicated upon the incorrect advice of their insurance agent. RLI's argument that *Tesler* is no longer good law is unpersuasive. *National Union Fire Ins. Co. of Pittsburgh, Pa. v Great Am. E&S Ins. Co.* (86 AD3d 425 [1st Dept 2011]) explicitly distinguished *Tesler* on the ground that in *Tesler* "the insurance agent specifically advised the insured that there was no indication a claim could be brought against it," whereas in *National Union* "there was no evidence that [the insured] was advised by any insurance agent as to nonliability" (*id.* at 427). Similarly, *Macro Enters., Ltd. v QBE Ins. Corp.* (43 AD3d 728 [1st Dept 2007]) did not involve a situation where an insured's failure to timely notify an insurer was based on the incorrect advice of an insurance agent. The fact that *National Union* distinguished *Tesler* confirms that it is "good law," albeit inapplicable on the *National Union* facts.

RLI's argument that the voluntary payment doctrine bars recovery of amounts paid to Greenberg Traurig in defense of the underlying claim is without merit. Having chosen to deny coverage and not participate in the defense, RLI "excluded itself from any aspect of the [p]laintiff's defense in the Vasquez estate's action," including the negotiation of attorneys' fees and the selection of attorneys, as so found by the motion court, and cannot now be heard to complain. Plaintiff is entitled to recover attorneys' fees incurred in defense of the underlying action as "damages which are the natural and probable consequence of the breach" by RLI of the contract of insurance (*see e.g. Estate of Coppersmith v Blue Cross & Blue Shield of Greater N.Y.*, 177 AD2d 373, 374 [1st Dept 1991] [internal quotation marks omitted]).[2]

We reject defendant's argument that the $150 per hour contributed by SIF acts as a ceiling on fees (*see Sabre, Inc. v Insurance Co. of the State of Pa.*, 149 AD3d 589 [1st Dept 2017]). Any agreement between SIF and plaintiff as to fees has no bearing on RLI's responsibility to provide a defense, save as it pertains to any eventual allocation of defense costs as between the two carriers (*see generally General Motors Acceptance Corp. v Nationwide Ins. Co.*, 4 NY3d 451 [2005]). The

coverage on the basis of untimely notice it is now necessary for the insurer to show that it was prejudiced as a result of the late notice (*see* Insurance Law § 3420 [a] [5]). The parties agree that this case falls under the former law.

2. Indeed, in many jurisdictions an insured who is forced to bring a declaratory judgment action against its insurer is entitled to the legal costs associated with that action as well as the costs associated with the defense of the underlying action.

record does not contain a copy of the SIF policy, so we are unable to make any determination as to whether the carriers share the costs of defense in equal parts as primary carriers, or whether defendant RLI is solely responsible. It may be noted that under RLI's policy, competing primary insurers are to contribute on an equal basis. Concur—Acosta, P.J., Renwick, Manzanet-Daniels and Webber, JJ.

Kapnick, J., dissents in part in a memorandum as follows: While I agree with the majority that defendant RLI Insurance Company (RLI) is obligated to indemnify plaintiff (Cohen Brothers) for its damages in the underlying personal injury action of *Vasquez v Cohen Bros. Realty Corp.* (105 AD3d 595 [1st Dept 2013]), I believe that the voluntary payment doctrine applies here, and therefore I would vacate the declaration that RLI is required to pay the extra attorneys' fees incurred by Cohen Brothers in the defense of that action.

Nonparty New York State Insurance Fund (SIF) defended Cohen Brothers in the *Vasquez* action; however, Cohen Brothers used a different, more expensive law firm than the one SIF offered. Indeed, rather than accepting the law firm recommended by SIF, Cohen Brothers opted for the cash value—$150 per hour—and decided to go with a law firm of its own choosing, which charged $795 per hour, leaving Cohen Brothers to pay the difference.

The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, in the absence of fraud or mistake of material fact or law" (*DRMAK Realty LLC v Progressive Credit Union*, 133 AD3d 401, 403 [1st Dept 2015], citing *Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525 [2003]). Although Cohen Brothers' decision to hire a lawyer to defend itself in *Vasquez* was not voluntary, its decision to use a more expensive law firm was. Therefore, the voluntary payment doctrine bars plaintiff from recovering $645 per hour ($795 minus $150) from RLI. Furthermore, Cohen Brothers does not claim that fraud or mistake played *any* part in its decision to select the more expensive law firm (*see id.*). Moreover, if RLI had defended Cohen Brothers in *Vasquez*, it would have been "entitled to control the defense of the action, including the selection of counsel" (*American Home Assur. Co. v Weissman*, 79 AD2d 923, 925 [1st Dept 1981]). If Cohen Brothers had then decided to use a more expensive law firm, it would not have been entitled to have RLI pay the extra cost.

The cases relied upon by the majority in reaching a different result are inapposite. Initially, none of the cases cited discusses

or applies the voluntary payment doctrine. Although the majority is correct that a "non-breaching party in a breach of contract case can recover damages that are the natural and probable consequence of the breach" (*Estate of Coppersmith v Blue Cross & Blue Shield of Greater N.Y.*, 177 AD2d 373, 374 [1st Dept 1991]),* it is also true that when one party (here, RLI) breaches a contract (the policy), the other party (Cohen Brothers) is entitled to be placed in the same—not a better— position than it would have been had no breach occurred (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261-262 [1998]). To award Cohen Brothers the difference in attorneys' fees would be to put it in a better position than if RLI had defended it in the *Vasquez* action.

Lastly, the allocation of defense costs between SIF and RLI, should either party be entitled to such, is not before us on this appeal and has no bearing on the question of whether the voluntary payment doctrine bars Cohen Brothers' claim for recovery of attorneys' fees over the $150 per hour cash value that it received from SIF. Concur—Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.

---

* This case does not, contrary to the majority's suggestion, stand for the proposition that Cohen Brothers is "entitled to recover attorneys' fees incurred in defense of the underlying action." Rather, *Estate of Coppersmith* involved an insurer's refusal to pay the hospital expenses of an insured and the hospital's subsequent action to obtain payment directly from the insured. This Court found that the attorneys' fees incurred by the insured in defending his/herself in an action against the hospital were a "natural and probable consequence" of the insurer's breach of the policy (177 AD2d at 374).