Plaku v 1622 Van Buren LLC (2021 NY Slip Op 05311)





Plaku v 1622 Van Buren LLC


2021 NY Slip Op 05311


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 28785/16E Appeal No. 14284 Case No. 2021-00322 

[*1]Guxim Plaku, Plaintiff-Appellant,
v
1622 Van Buren LLC, Defendant-Respondent. [And a Third-Party Action.]


The Cakani Law Firm, P.C., New York (Ylli Cakani of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Debbie-Ann R. Morley of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 10, 2020, which, to the extent appealed, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff construction worker established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim by submitting proof that he was injured when a closed, unsecured A-frame ladder — upon which he stood to cast debris into a dumpster — shifted from its propped position against the dumpster and caused him to lose his balance and suffer an injurious fall. In opposition, defendant property owner argued that plaintiff's alleged disregard of his employer's instruction to not use the nearly full dumpster that belonged to another contractor was the sole proximate cause of his injury.
Defendants failed to meet their burden of raising an issue of fact as to whether "there was no statutory violation and . . . plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289, n 8 [2003]). "[I]f a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (id. at 290; see also Cahill v Triborough Bridge and Tunnel Auth., 4 NY3d 35, 40 [2004]). A worker's injury in an area of the work site where the worker was not supposed to be amounts to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Hewitt v NY 70th St. LLC, 187 AD3d 574 [1st Dept 2020]).
To the extent that defendants argue that plaintiff was recalcitrant in ignoring defendants' alleged instructions not to use the dumpster, this is insufficient to raise an issue of fact. The recalcitrant worker defense "requires a showing that the injured worker refused to use the safety devises that were provided by the owner or employer. It has no application where, as here, no adequate safety devices were provided" (Stolt v General Foods Corp., 81 NY2d 918, 920 [1993] [citation omitted]; see also White v 31-01 Steinway, LLC, 165 AD3d 449, 451-52 [1st Dept 2018]). An employer's instructions "to avoid an unsafe practice is not a sufficient substitute for providing a worker with a safety device to allow him to complete his work safely" (Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 598 [1st Dept 2013]; see also Hill v Acies Group, LLC, 122 AD3d 428 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021