■ JANET MELENDEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [803 NYS2d 547]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered July 30, 2004, which granted defendant building owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's admission that she never saw what it was that caused her to slip renders her claim that it was food debris, a condition she had observed in the stairwell on previous visits to the building, mere speculation. In any event, assuming that it was a food debris/oily substance hazard that caused plaintiff to fall, there is no evidence tending to show that defendant created

or had actual notice of the condition, or how long it had been on the stairwell before the accident (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005], *revg* 10 AD3d 503 [2004]). Plaintiff's prior observations at best tended to show only a general awareness by defendant of litter in the stairwell, and were thus insufficient to raise an issue of fact as to constructive notice (*see id.*; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.