■ MARY McFADDEN, Respondent, v 530 FIFTH AVENUE RPS III ASSOCIATES, LP, et al., Appellants, et al., Defendant. [812 NYS2d 88]—

Judgment, Supreme Court, New York County (Karen Smith, J.), entered November 4, 2004, after a jury trial, in favor of the plaintiff and against defendants, in the aggregate amount of $351,267, plus interest and disbursements, and bringing up for review (1) an order on the same record, same court and Justice, entered May 4, 2004, allowing late disclosure and testimony of plaintiff's exchanged liability expert witness, (2) an order, same court and Justice, entered June 25, 2004, which granted plaintiff's motion to set aside the verdict and ordered a new trial on past and future pain and suffering and past medical expenses, and (3) an order, same court (Louis B. York, J.), entered March 4, 2004, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated and defendants' motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendants 530 Fifth Avenue RPS III Associates, LP and Silverstein Properties, Inc. dismissing the complaint. Appeals from the aforesaid orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This is an action for personal injury damages sustained in a bathroom slip and fall apparently caused by a toilet backup and overflow. Defendants' successive motions for summary judgment and a directed verdict were denied on the grounds, respectively, of timeliness and lack of merit.

After issue is joined, a motion for summary judgment should, unless otherwise ordered by the IAS court, be made no later than 120 days after a note of issue is filed (CPLR 3212 [a]). The local Supreme Court rules applicable in the instant case shorten the time to 60 days within which such motion must be made. Although defendants moved for summary judgment more than 60 days after the note of issue was filed, they were never served

with a copy of the note of issue, and did not learn of it until after the 60-day period had expired. While CPLR 3212 (a) and the applicable local rule specify the date of filing of the note of issue as the triggering date for the time within which to bring a summary judgment motion, and do not mention service of the note of issue, an opponent's failure to serve a note of issue constitutes good cause for a late summary judgment motion (*see Cibener v City of New York*, 268 AD2d 334 [2000]). A contrary rule would permit a party to unilaterally shorten an opponent's time to make a summary judgment motion. We further note that, at least for purposes of placing a case on the trial calendar, a note of issue is filed "within ten days *after service, with proof of such service*" (CPLR 3402 [a] [emphasis added]).

Reaching the merits of the summary judgment motion, the record demonstrates that defendants lacked notice of the alleged watery condition that caused plaintiff to slip and fall. Since the condition did not exist when plaintiff entered the bathroom, she needed to establish notice through proof of a recurring condition (*see Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002], *lv denied* 99 NY2d 509 [2003]). The record evidence reveals nothing more than sporadic instances of water on the floor in a high-use bathroom, the type of "condition" that inevitably happens, for a variety of reasons, in an area where water is used. There is no evidence of a specific and recurring defect in any particular toilet. There is no evidence of periodic flooding of the floor. There is, therefore, no evidence that the "condition" could have been rectified or anticipated through any conduct by defendants. Absent evidence of a recurring condition, there is no basis for defendants' liability. Concur—Buckley, P.J., Marlow, Sweeny, Catterson and McGuire, JJ.