■ REGLA LOPEZ, Respondent, v CROTONA AVENUE ASSOCIATES, LP, Appellant. [835 NYS2d 66]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about October 13, 2006, which denied defendant's motion for summary judgement, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendant Crotona Avenue Associates, LP (Crotona) owns a nine-story residential building at 2130 Crotona Avenue. Plaintiff Regla Lopez moved into a studio apartment on the eighth floor of the building in 1999, and has lived in that apartment since that date. On March 14, 2004 at approximately 5:00 A.M., Lopez slipped and fell onto the floor as she was getting out of bed. She alleges her fall was caused by stepping on a piece of excrement from her toilet. She claims that the toilet overflowed at some

point in the night, and that when she awoke, her apartment floor was ankle deep in "dirty" water. She suffered injuries to her back and right leg.

Plaintiff brought this action against Crotona, claiming that the building owner knew about, and failed to remedy plumbing problems in her bathroom. Alternatively, plaintiff alleged that Crotona caused her toilet to overflow. Plaintiff asserted that she had made numerous complaints about her plumbing to her superintendent, which went unheeded. She also claimed that the superintendent acknowledged that there were building-wide plumbing problems.

Crotona moved for summary judgment. It questioned plaintiff's version of the events leading up to the accident, and it asserted that it did not create, and did not have actual or constructive notice of the hazardous condition alleged by plaintiff. Defendant asserted that there were no maintenance records for service to plaintiff's toilet, nor was there any evidence of a recurring plumbing problem in the building. It submitted an affidavit from the tenant in the apartment below plaintiff's. That tenant stated that she had no problems with her plumbing. The tenant also stated that on the date of the incident, no water had seeped into her apartment from the apartment above.

Defendant also submitted an affidavit from an employee of the plumbing company that serviced the building. He stated that during the relevant time period there were no plumbing problems in the building, other than one in the basement which would not have affected plaintiff's apartment. He also inspected the plumbing in plaintiff's apartment and ran a plumbing line with a video from plaintiff's toilet to the sixth floor. He found no obstructions.

Finally, defendant submitted an affidavit from a licensed professional who inspected the building and reviewed plaintiff's deposition testimony. He opined that the flooding described by plaintiff could only have come from a clog isolated to her apartment.

In opposition to defendant's motion, plaintiff submitted an affirmation from her attorney which alleged that defendant ignored a recurring plumbing problem in plaintiff's apartment. Plaintiff submitted the affidavit of the tenant in apartment 4B. He stated that he had numerous problems with his toilet. Plaintiff also submitted an engineer's affidavit. It was his opinion that the overflow of plaintiff's toilet was the direct result of the owner's failure to repair or replace a nonfunctioning float in the toilet.

In reply, the owner claimed that plaintiff's submissions raised

no issue of material fact as her attorney's allegations had not been substantiated and her engineer never inspected the premises. Defendant's engineer noted that a clogged toilet would not result from a nonfunctioning float, and that the incident, as described by plaintiff, would have to have been the result of a clog.

The IAS court denied defendant's motion, finding issues of fact as to whether the owner had constructive notice of plumbing problems in plaintiff's apartment. The court also noted that questions as to the credibility of plaintiff's account were properly the subject of jury resolution. We reverse.

Defendant's submissions from the building repairman, the engineer, and the tenant were sufficient to meet its burden on the motion, supporting its contention that it did not create, or have actual or constructive notice of a defective condition in plaintiff's apartment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In response, plaintiff, by submitting the speculative affidavit of an engineer who had not even examined the premises, the affidavit of another tenant in the building with unrelated plumbing problems and the affidavit of her attorney, who had no personal knowledge of the facts, failed to raise a triable issue of fact (*see McFadden v 530 Fifth Ave. RPS III Assoc., LP*, 28 AD3d 202, 203 [2006]; *Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930 [2005]; *Samuel v Aroneau*, 270 AD2d 474 [2000], *lv denied* 95 NY2d 761 [2000]). Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and Buckley, JJ.