LORI BETH WALTERS, Respondent, v COLLINS BUILDING SERVICES, INC., Defendant, and AMERICAN BUILDING MAINTENANCE Co., et al., Appellants. AMERICAN BUILDING MAINTENANCE Co., Third-Party Plaintiff-Appellant, v TRAMMELL CROW SERVICES, INC., Third-Party Defendant-Appellant. [871 NYS2d 25]—

Defendants established prima facie that they neither created nor had actual or constructive notice of the wet floor of the women's restroom on which plaintiff allegedly slipped and fell (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500-501 [2008]). American Express employees' testimony and Trammell's activity reports demonstrated that American Express was not responsible for cleaning the restrooms, that its agents, ABM and Trammel, routinely attended to maintenance matters of which they were made aware, and that none of these parties had knowledge of a plumbing problem in that restroom on the day of plaintiff's accident before the accident happened.

Plaintiff failed to raise a triable issue of fact through her testimony that she had seen the same toilet overflowing earlier in the day, that after the accident she asked the receptionist to inform maintenance personnel of the problem, which the receptionist agreed to do, and that before the accident she had heard other employees in the building complaining about that particular toilet (*see Guttierez v Lenox Hill Neighborhood House*, 4 AD3d 138 [2004]). Trammell's activity reports reflect the occasional toilet clogging or flooding incident and a prompt response thereto. They do not support plaintiff's contention that there was a recurring problem such as would constitute constructive notice of a hazardous condition (*see McFadden v 530 Fifth Ave. RPS III Assoc., LP*, 28 AD3d 202 [2006]). Nor is there any evidence that the receptionist ever conveyed plaintiff's complaint to anyone. Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.