■ SHERIN SAFFORE, Appellant, v ABDULAKEEM FASINRO, Respondent. [874 NYS2d 39]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered January 14, 2008, which, in an action for personal injuries sustained when plaintiff slipped on water in the kitchen of an apartment leased by her daughter and owned by defendant, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant testified at deposition that about three months before the accident, he received a complaint from plaintiff's daughter about a leak, which he discovered was caused by an upstairs toilet that clogged and overflowed, and which he immediately fixed by shutting off the water to the toilet and, the next morning, having his relatives clear the clog. Defendant fur-

ther testified that neither plaintiff nor her daughter again complained about water problems before the accident; that about a week before the accident, he performed a yearly inspection of the apartment and did not observe any leaks; and that when informed about the accident about a week after it occurred, he again entered the apartment and observed no water on the floor or wetness in areas to which he was directed by the daughter. This testimony satisfied defendant's initial burden of showing that he did not have notice of the alleged water condition that caused plaintiff's slip and fall (*see Lopez v Crotona Ave. Assoc., LP*, 39 AD3d 388 [2007]; *McFadden v 530 Fifth Ave. RPS III Assoc., LP*, 28 AD3d 202 [2006]). Affidavits from defendant's relatives were not necessary given his testimony from personal knowledge that neither plaintiff nor her daughter again complained about water problems after the incident involving the upstairs toilet. In opposition, plaintiff offered only hearsay to the effect that her daughter continued to complain to defendant about leaks after the incident involving the upstairs toilet. As noted by the motion court, plaintiff did not submit an affidavit from her daughter and the daughter did not appear for a noticed deposition. Under the circumstances, these hearsay statements are insufficient to raise an issue of fact (*see Iurato v City of New York*, 9 AD3d 301, 303 [2004]) as to whether a recurring water problem in the area of the accident was routinely left unaddressed by defendant (*see O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107 [1996]). We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ.