■ HUMBERTO MONTOLIO, Respondent, v NEGEV LLC, Appellant, et al., Defendants. [926 NYS2d 899]—

Plaintiff testified that he was injured when he tripped and fell in a depression in the street adjacent to the sidewalk in front of property owned by defendant Negev LLC. Plaintiff explained that he was forced into the street because the sidewalk abutting the property was blocked by a barricade. The record shows that Con Edison was doing gas-related work for Negev's property, which was under development at the time.

Negev called a witness who had virtually no knowledge of the work being done on the date of the accident. He was not employed by Negev at the time of construction, did not visit construction sites generally, and had no familiarity with the construction permits that might have been issued for this job. Thus, Negev failed to meet its burden of proof that it did not make special use of the sidewalk (*see Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447 [2008]; *McKenzie v Columbus Ctr., LLC*, 40 AD3d 312 [2007]; *Sheehy v City of New York*, 43 AD3d 336 [2007]) and the motion correctly was denied.

Furthermore, although Negev's answer is contained in the record, it is verified only by counsel. The motion also is supported only by counsel's affirmation; no submission was made by anyone with personal knowledge (*Lopez v Crotona Ave. Assoc., LP*, 39 AD3d 388, 390 [2007]).

Because there has not yet been a finding of negligence against Negev, summary judgment on its claim for indemnification against Con Edison would be premature (*see e.g. Pueng Fung v 20 W. 37th St. Owners, LLC*, 74 AD3d 635, 636 [2010]). Concur— Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.