■ LUIS ARCE, Respondent, v 1704 SEDDON REALTY CORP. et al., Appellants. [935 NYS2d 1]—

Defendants established their entitlement to judgment as a matter of law in this action where plaintiff alleges that he was injured when, while descending an interior staircase in defendants' building, he slipped on a pool of clear liquid and fell down the stairs. Defendants demonstrated that they neither created nor had notice of the allegedly defective condition of the stairs.

In opposition, plaintiff failed to raise a triable issue of fact. There was no evidence that defendants were notified of any clear liquid on the day of the accident or that the clear liquid was present for a sufficient period of time to allow defendants' employees an opportunity to discover and remedy the problem (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Wallace v Doral Tuscany Hotel*, 302 AD2d 255 [2003]). The clear liquid that caused plaintiff's fall could have been deposited there only minutes before the accident, particularly in light of plaintiff's testimony that the liquid was still dripping from the top step to the second step (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]).

Furthermore, although plaintiff submitted affidavits from his girlfriend and another tenant of the building, who said that the subject stairs were often slippery and strewn with garbage, such prior observations are insufficient to defeat the motion (*see Melendez v New York City Hous. Auth.*, 23 AD3d 211 [2005]).

The report of plaintiff's expert was unsworn and therefore, did not constitute competent evidence sufficient to raise an issue of fact (*see Mazzola v City of New York*, 32 AD3d 906 [2006]). Even if we were to consider the report, his opinions regarding the dangerous and defective condition of the stairs due to improper treads and differing heights were irrelevant since plaintiff's claim was that he slipped because of the clear liquid that was present on the top step of the staircase. Concur— Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román, JJ.