■ NARCISA SAN ANDRES, Respondent-Appellant, v 1254 SHERMAN AVE. CORP. et al., Respondents-Appellants, and ELTECH INDUSTRIES, INC., Appellant-Respondent. [942 NYS2d 104]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered November 2, 2009, which granted defendants 1254 Sherman Ave. Corp.'s and Dougert Management's (collectively, Sherman) motion for summary judgment dismissing the complaint as against them, and denied defendant Eltech Industries, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant Eltech's motion, and otherwise affirmed, without costs. Order, same court and Justice, entered July 8, 2010, which, upon reargument, granted Sherman's motion for summary judgment dismissing Eltech's cross claims as against it and for summary judgment on its indemnification claims against Eltech, unanimously modified, on the law, to deny the motion as to the indemnification claims against Eltech, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about January 14, 2011, which, upon plaintiff's and Eltech's motions to resettle the January 8, 2010 order, denied Sherman's motion for summary judgment dismissing the complaint as against it to the extent the complaint alleges that Sherman is vicariously liable for Eltech's acts, unanimously reversed, on the law, without costs, and the motions to resettle denied.

Plaintiff alleges that she tripped and injured her knee as she entered an elevator that had stopped "a little bit" or approximately four inches higher than the floor. Plaintiff did not notice that the elevator had misleveled before she fell and did not report the incident to Sherman. While she states that there was water on the floor both outside and inside the elevator, as

though someone had dropped something from a water bottle, she claims that the water did not contribute to her fall. Plaintiff also alleges that as she attempted to exit the elevator as the doors were slowly closing, one of the doors hit her knee again. Plaintiff did not try to stop the door from closing and she did not feel any pain that was different from the pain she felt when she first fell.

Sherman established prima facie that it neither created nor had actual or constructive notice of the alleged defect in the elevator's doors or leveling system (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713-714 [2005]). Sherman's superintendent testified that he never noticed a misleveling condition during his daily walkthroughs, never received any complaints about misleveling, and never reported a misleveling condition to Eltech. Sherman's property manager testified that he never saw the elevator mislevel during his weekly inspections. The property manager received calls informing him that the elevator was out of service, but he did not recall any misleveling complaints and never reported a misleveling condition to Eltech before plaintiff's accident.

In opposition, plaintiff failed to raise an issue of fact (*see Isaac v 1515 Macombs, LLC*, 84 AD3d 457, 459 [2011], *lv denied* 17 NY3d 708 [2011]; *Singh v United Cerebral Palsy of N.Y. City, Inc.*, 72 AD3d 272, 276 [2010]). Her assertion that she overheard, as she passed by, snippets of complaints made to the building superintendent by unidentified neighbors is hearsay and therefore insufficient alone to defeat summary judgment (*see Martinez v Hunts Point Coop. Mkt., Inc.*, 79 AD3d 569, 571 [2010]; *Saffore v Fasinro*, 59 AD3d 288 [2009]). Her testimony that she had observed the elevator mislevel in the past also fails to raise an issue of fact because she admittedly did not report her observation to defendants (*see Narvaez v New York City Hous. Auth.*, 62 AD3d 419 [2009], *lv denied* 13 NY3d 703 [2009]). Sherman's property manager's testimony that the elevator was not always perfectly flush but was "within a couple of centimeters . . . less than an inch" did not establish that Sherman had notice of the alleged four-inch misleveling condition claimed by plaintiff.

Eltech met its prima facie burden with evidence that it had not received any misleveling complaints from Sherman and that no problems relating to misleveling were indicated in the inspection and service records it kept for the one-year period preceding the accident (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]). In opposition, plaintiff failed to raise an issue of fact by presenting evidence that there had been a misleveling problem

before her accident (*see Meza v 509 Owners LLC*, 82 AD3d 426 [2011]). The affidavit by plaintiff's expert, who did not inspect the elevator and relied in part on plaintiff's hearsay testimony, was insufficient to raise a triable issue of fact whether Eltech failed to use reasonable care to discover and correct a condition it ought to have found; his conclusory assertion that the misleveling on the date of the accident was caused by negligent maintenance is based on speculation (*see Parris v Port of N.Y. Auth.*, 47 AD3d 460 [2008]).

Plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced under the circumstances (*see Meza*, 82 AD3d at 427; *Cortes v Central El., Inc.*, 45 AD3d 323 [2007]).

In light of the dismissal of the complaint as against Eltech, Sherman's common-law indemnification claim against Eltech must also be dismissed. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.