■ MARGUERITA WARNER, Respondent, v CONTINUUM HEALTH CARE PARTNERS, INC., et al., Appellants. [953 NYS2d 187]—

Plaintiff testified that she was employed as a contract travel nurse at defendant St. Luke's Roosevelt Hospital Center (collectively with defendant Continuum Health Care Partners, St. Luke's). On October 16, 2009, she went to the cafeteria at her assigned lunch time, where she slipped and fell while waiting in line to pay one of the cashiers.

A special employee is one who is transferred, for a limited time of whatever duration, to the service of another. When an employee is eligible to receive Workers' Compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee (*see* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 555 [1991]). The key to the determination is a fact-intensive inquiry into who controls and directs the manner, details, and ultimate result of the employee's work (*see Bautista v David Frankel Realty, Inc.*, 54 AD3d 549 [1st Dept 2008]; *Bellamy v Columbia Univ.*, 50 AD3d 160 [1st Dept 2008]).

Here, while plaintiff was paid by her general employer Med Staff, St. Luke's, which had interviewed her before selecting her, had the authority to hire her or fire her. Every morning, a

St. Luke's staff member issued plaintiff her daily assignment, her supervisor was a St. Luke's employee, and there were no Med Staff supervisors on site at St. Luke's. On those days when she was assigned to be a scrub nurse, she would be present in the operating theater during surgery, handing the surgeon instruments as he or she needed them. Plaintiff worked exclusively for St. Luke's for four years, and received annual performance reviews from its staff. Under such undisputed critical facts, there are no triable issues of fact, and the determination of special employment status may be made as a matter of law (*see Grilikhes v International Tile & Stone Show Expos*, 90 AD3d 480 [1st Dept 2011]; *Gannon v JWP Forest Elec. Corp.*, 275 AD2d 231 [1st Dept 2000]). Plaintiff's averment that she rarely interacted with her supervisor, because, as an experienced nurse, she knew what to do, does not surmount the fact that St. Luke's had control over her work.

In any event, St. Luke's demonstrated an entitlement to judgment as a matter of law, proffering evidence that it was not on notice of the clear liquid upon which plaintiff fell (*see Arce v 1704 Seddon Realty Corp.*, 89 AD3d 602, 603 [1st Dept 2011]). St. Luke's cafeteria manager testified that she conducted regular inspections that day, saw no liquid on the floor, and was not informed of any spill by her staff, which she would have been, if a spill had occurred (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]; *see also Walters v Collins Bldg. Servs., Inc.*, 57 AD3d 446 [1st Dept 2008]). Plaintiff, who did not know where the liquid came from or how long it had been there, failed to raise a triable issue of fact (*see Arce*, 89 AD3d 602). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.