■ Keith Holmes, Respondent, v Business Relocation Services, Inc., Defendant/Third-Party Plaintiff-Appellant. United Staffing Systems, Inc., Third-Party Defendant-Respondent. [984 NYS2d 868]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered August 5, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint as barred by the Workers' Compensation Law, affirmed, without costs.

Issues of fact exist as to whether defendant was the special

employer of plaintiff. Plaintiff was assigned to work for defendant, for two days, as a truck driver by his general employer, United Staffing Systems, Inc., a temporary employment company. Although plaintiff used defendant's trucks and was told where and when to deliver and pick up voting machines, this does not establish as a matter of law that United surrendered complete control and direction over plaintiff's work or that defendant assumed such control and direction (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558-559 [1991]; *Vasquez v Cohen Bros. Realty Corp.*, 105 AD3d 595, 597 [1st Dept 2013]). Nor did United's relinquishment of contact with and direct supervision of plaintiff after assigning him to defendant establish that defendant had in fact assumed "complete and exclusive control" over plaintiff's work (*Bellamy v Columbia Univ.*, 50 AD3d 160, 165 [1st Dept 2008]). Notably, although plaintiff was accompanied by one of defendant's supervisors during his deliveries and pickups of the voting machines, the supervisor testified that he did not supervise drivers. Concur—Tom, J.P., Sweeny, Saxe and Freedman, JJ.

Friedman, J., dissents in a memorandum as follows: I respectfully dissent. In my view, the record establishes, as a matter of law, that plaintiff was working as defendant's special employee when he was injured. That plaintiff, a qualified commercial driver, may have been working without direct supervision at the time of his accident does not change this conclusion, since constant direct supervision—which is typically absent in the case of a professional driver—is not necessary for the employee to be deemed to be working under the employer's control and direction (*see Warner v Continuum Health Care Partners, Inc.*, 99 AD3d 636, 637 [1st Dept 2012]). Accordingly, I would reverse and grant defendant's motion for summary judgment dismissing the complaint based on the bar of the Workers' Compensation Law.