Yonas Berhe, Appellant, v Trustees of Columbia University in the City of New York et al., Respondents. [45 NYS3d 465]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 20, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff was in their special employ by demonstrating that they "control[led] and direct[ed] the manner, details and ultimate result of [his] work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]; *see Warner v Continuum Health Care Partners, Inc.*, 99 AD3d 636 [1st Dept 2012]). The general manager of defendants' catering facility, Faculty House, requested plaintiff, a server, by name from the temporary employment agency through which plaintiff was assigned to Faculty House, retained the right to discharge him from Faculty House, and provided his uniform jacket. The general manager planned each event according to a particular schedule, menu, and sequence, with specific tables and tasks assigned to different servers, including plaintiff; the employment agency had no involvement in or knowledge of these details. The general manager arranged the schedules of the workers, including plaintiff, and their hours, and either he or a banquet manager dictated their break and meal times. The general manager was also present at each event to ensure proper service, including by plaintiff, and that the event proceeded according to plan.

That plaintiff may not have required instruction to serve or clear a particular course because he was experienced is insufficient to raise an issue of fact as to defendants' control over his work (*see Warner*, 99 AD3d at 637). Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.