■ MONIQUE CARTAGENA et al., Respondents, v ACCESS STAFFING, LLC., Appellant. [57 NYS3d 143]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered October 12, 2016, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly denied in this action where plaintiff Monique Cartagena alleges that while in the course of her employment, she was walking in a hallway of the Christo-

pher School, when she slipped and fell on water that was on the floor after it had been recently mopped by nonparty Winston Fofana, who was employed by defendant. Plaintiff's affidavit presents a triable issue of fact as to whether a special employee relationship existed between the school and Fofana. Plaintiff set forth that no one from the school supervised Fofana's work or directed his daily schedule, and that the school did not provide him with equipment or a uniform (see Holmes v Business Relocation Servs., Inc., 117 AD3d 468, 469 [1st Dept 2014], affd 25 NY3d 955 [2015]; compare Berhe v Trustees of Columbia Univ. in the City of N.Y., 146 AD3d 697 [1st Dept 2017]).

The motion court properly considered plaintiff's affidavit, as it did not contradict her deposition testimony (see e.g. Alvia v Mutual Redevelopment Houses, Inc., 56 AD3d 311 [1st Dept 2008]). Furthermore, plaintiff's deposition testimony and affidavit provide a nonspeculative basis for her account of the accident and sufficiently demonstrates a nexus between the hazardous condition and the circumstances of her fall, because she testified that immediately after she fell she noticed that the floor was wet and that there was a janitor's cart with wet floor signs attached to it near the accident location (see Garcia v 1265 Morrison LLC, 122 AD3d 512, 513 [1st Dept 2014]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.