Cassidy v Greater N.Y. Auto. Dealers Assn., Inc. (2019 NY Slip Op 04876)





Cassidy v Greater N.Y. Auto. Dealers Assn., Inc.


2019 NY Slip Op 04876


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


159713/15 9643 9642

[*1]Eamonn Cassidy, Plaintiff,
v
Greater New York Automobile Dealers Association, Inc., et al., Defendants.
George P. Johnson Company, Third-Party Plaintiff-Appellant,
v
Freeman Decorating Services, Inc., et al., Third-Party Defendants-Respondents.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellant.
Forchelli Deegan Terrana LLP, Uniondale (Russell G. Tisman of counsel), for respondents.



Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 7, 2018, dismissing the third-party complaint and bringing up for review an order, same court and Justice, entered May 2, 2018, which granted the motion of third-party defendant Freeman Expositions, Inc., formerly known as Freeman Decorating Services, Inc. (Freeman) to dismiss the action as against it, unanimously reversed, on the law, without costs, the judgment vacated, the complaint reinstated, and the motion denied.
Viewing the facts of the third-party complaint in the light most favorable to third-party plaintiff and assuming the truth of the allegations for the purpose of CPLR 3211(a)(7), we find that it states valid claims for both contractual and common law indemnification (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326-327 [2002]; Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134-135 [1st Dept 2014]). Nor is dismissal warranted under CPLR 3211(a)(1). The documentary evidence does not utterly refute the allegations in the third-party complaint (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Lopez v Fenn, 90 AD3d 569, 570 [1st Dept 2011]). In addition, Freeman has not established, as a matter of law, a defense to the third-party common law indemnification claim based on a claimed [*2]special employee relationship between itself and plaintiff (see Holmes v Business Relocation Servs., Inc., 25 NY3d
955, 956 [2015]; Cartagena v Access Staffing, LLC, 151 AD3d 580, 581 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK