Mohammed v St. Barnabas Hosp. (2019 NY Slip Op 08376)





Mohammed v St. Barnabas Hosp.


2019 NY Slip Op 08376


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10384 22924/15E

[*1] Shamima Mohammed, Plaintiff-Appellant,
v
St. Barnabas Hospital, Defendant-Respondent, Corporation "X", etc., et al., Defendants.


Frekhtman & Associates, Brooklyn (Eileen Kaplan of counsel), for appellant.
Garbarini & Scher, P.C., New York (Thomas M. Cooper of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered August 28, 2018, which granted defendant hospital's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered December 18, 2018, which denied plaintiff's motion for leave to reargue and renew, unanimously affirmed, without costs.
Defendant's motion for summary judgment was properly granted in this action where plaintiff was injured when, while working at defendant hospital as a per diem certified nursing assistant, she slipped and fell on the wet floor near the nurses' station. Defendant established prima facie that plaintiff was barred from maintaining this action, pursuant to the exclusivity provisions of the Worker's Compensation Law, because plaintiff was its special employee and had already accepted Workers' Compensation benefits from her general employer, Gotham Registry (Gotham) (see Workers' Compensation Law § 29[6]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]; Warner v Continuum Health Care Partners, Inc., 99 AD3d 636 [1st Dept 2012]).
The record shows that defendant had exclusive control over the manner, details and ultimate work while plaintiff was working as a nursing assistant. Moreover, plaintiff herself testified that she was supervised and received her work activities on a daily basis from the charge nurse, who was defendant's employee. She also received training from defendant and wore a badge identifying her as defendant's employee (see Warner at 636-637). Although Gotham was informed of plaintiff's accident soon after it occurred, provided her weekly work schedule and paid her salary, there is no evidence that it exercised any control over her activities while she was on the job at defendant hospital (see Gannon v JWP Forest Elec. Corp., 275 AD2d 231, 232-233 [1st Dept 2000]).
In opposition, plaintiff failed to raise a triable issue of fact. Contrary to plaintiff's contention, the motion court providently exercised its discretion in denying her request for a second adjournment during the August 2018 hearing on the motion for summary judgment, since she failed to show good cause for her delay in preparing her opposition papers (see Matter of Steven B., 6 NY3d 888 [2006]; Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 875 [2d Dept 2017]).
The court properly denied plaintiff's motion insofar as it sought renewal. Plaintiff failed to present any new or additional facts that were unknown to her at the time of her opposition to summary judgment (see Queens Unit Venture, LLC v Tyson Ct. Owners Corp., 111 AD3d 552 [1st Dept 2013]; Reyes v Charles H. Greenthal & Co., 24 AD3d 131 [1st Dept 2005]). Furthermore, regarding reargument, although the court purported to simply deny the motion to reargue, it appears to have considered the merits of plaintiff's argument that she was not defendant's special employee and it is thus, appealable (see Lewis v Rutkovsky, 153 AD3d 450, [*2]453 [1st Dept 2017]). Nevertheless, for the reasons provided above, upon reargument, the court properly adhered to its determination granting defendant summary judgment.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK