Pewritt v Compass Group, USA, Inc. (2020 NY Slip Op 00685)





Pewritt v Compass Group, USA, Inc.


2020 NY Slip Op 00685


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10930 152558/14

[*1] Bryant Pewritt, Plaintiff-Respondent-Appellant,
v
Compass Group, USA, Inc., Defendant, Columbia University, Defendant-Appellant-Respondent.


French & Casey, LLP, New York (Joseph A. French of counsel), for appellant-respondent.
Argyropoulos & Associates, LLC, Astoria (Susan E. Paulovich of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered June 18, 2019, which denied the motion of defendant Columbia University (Columbia) for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he slipped and fell on a recently mopped floor while working as a temporary employee in Columbia's kitchen. The record presents a triable issue of fact as to whether Columbia assumed comprehensive and exclusive daily control of plaintiff's work duties, so that he became its special employee. There is evidence that the decision as to where plaintiff was to work from day to day was not made by Columbia, but by his general employer (Bellamy v Columbia Univ., 50 AD3d 160, 162-163 [1st Dept 2008]; see Cartagena v Access Staffing, LLC, 151 AD3d 580, 581 [1st Dept 2017]; compare Berhe v Trustees of Columbia Univ. in the City of N.Y., 146 AD3d 697 [1st Dept 2017]).
Plaintiff's cross motion for partial summary judgment was also properly denied because his ability to maintain this personal injury action hinges on whether he was a special employee of Columbia when the accident occurred (see Worker's Compensation Law §§ 11, 29[6]; Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 597 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK