Estrella v Rex Realty of Conn., Inc. (2020 NY Slip Op 06850)





Estrella v Rex Realty of Conn., Inc.


2020 NY Slip Op 06850


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 300610/14 Appeal No. 12421 Case No. 2019-03292 

[*1]Sandy Estrella, Plaintiff-Appellant,
v
Rex Realty of Connecticut, Inc., et al., Defendants-Respondents.


Michelstein & Ashman, PLLC, New York (Stephen J. Riegel of counsel), for appellant.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 25, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Rex Realty of Connecticut, Inc. (Rex Realty) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Rex Realty established prima facie that it cannot be held liable for plaintiff's alleged injuries by submitting the lease agreement for the premises showing that it was an out-of-possession landlord with no duty to perform nonstructural repairs at the time of the accident (see [*2]Dinkins v Kansas Fried Chicken, Inc., 158 AD3d 420, 421 [1st Dept 2018]). In opposition, plaintiff failed to raise a triable issue of fact as to whether Rex Realty had constructive notice of the alleged defect because his deposition testimony establishes that he never inspected the ceiling, and no expert affidavit was submitted with his opposition that supports his claim that the garage's condition on the day of the accident violated a specific statutory safety provision and that those violations proximately caused his injuries (see Mangum v 500 Brush LLC, 160 AD3d 552 [1st Dept 2018]; Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]). That plaintiff's counsel, who lacked personal knowledge of the operative facts, submitted an affirmation claiming that the condition of the property on the day of the accident violated section 304 of the 2010 International Property Maintenance Code was insufficient to raise a triable issue of fact (see Schwartz v 170 W. End Owners Corp., 161 AD3d 693, 693 [1st Dept 2018]).
Rex Realty also prima facie established that it lacked actual notice, because its witness testified at its deposition that he was the company's majority shareholder, its president and oversaw the leasing of its properties including the subject premises. He stated that Rex Realty did not inspect or repair the garage's roof after it leased the property, it never received a violation or a notice to repair it before the accident, and that no one complained to him about the area before plaintiff fell (see Martinez v Hunts Point Coop. Mkt., Inc., 79 AD3d 569, 570 [1st Dept 2010]). Plaintiff's argument he overheard a telephone conversation in which his boss told someone that he believed was employed by Rex Realty that the roof was leaking and required repair about four years before the accident does not create an issue of fact. The claim that the person on the
other end of the phone was the owner's representative, is not based on personal knowledge and is speculative (see San Andres v 1254 Sherman Ave. Corp., 94 AD3d 590, 591 [1st Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020