Santapau v Brownstone Too Condo (2021 NY Slip Op 02120)





Santapau v Brownstone Too Condo


2021 NY Slip Op 02120


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 157680/14 Appeal No. 13529 Case No. 2020-03477 

[*1]Arlene Santapau, Plaintiff-Respondent,
v
Brownstone Too Condo, et al, Defendants-Appellants-Respondents, Rotavele Elevator Inc., Defendant-Respondent-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A.H. McGovern of counsel), for appellants-respondents.
Gottlieb Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac and Greg Freedman of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 15, 2020, which, to the extent appealed from, denied defendants' motions for summary judgment dismissing the complaint and all cross claims against them, unanimously reversed, on the law and the facts, without costs, and defendants' motions granted. The Clerk is directed to enter judgment accordingly.
Defendants Brownstone Too Condo, Brownstone Too Condominium Association and Maxwell-Kates Inc. (building defendants) established prima facie that they had no actual or constructive notice of a hazardous condition in the elevator (see San Andres v 1254 Sherman Ave Corp, 94 AD3d 590, 591 [1st Dept 2012]; Narvaez v New York City Hous. Auth., 62 AD3d 419 [1st Dept 2009], lv denied 13 NY3d 703 [2009]). Their porter/doorman testified that he rode the elevator multiple times on the day of the accident and did not observe any mis-leveling. He further testified that he mopped the floor that morning, inspected the elevator area immediately after plaintiff's accident and saw no wetness or mis-leveling. Building defendants also submitted an affidavit of their superintendent stating that his staff conducts daily cleanliness/maintenance inspections of the lobby and elevator and that there was no history of wetness or mis-leveling of the elevator. In 0pposition, plaintiff failed to present any evidence sufficient to raise an issue of fact.
Defendant Rotavele Elevator Inc. (REI), which serviced the elevators, established through video surveillance footage that no defective leveling condition caused plaintiff's fall. Further, plaintiff admittedly testified that she did not see any mis-leveling prior to or following her fall that created any hazardous height differential (Cortes v Central El., Inc., 45 AD3d 323 [1st Dept 2007]).
In opposition to REI's summary judgment motion, plaintiff's husband submitted an affidavit, wherein he stated for the first time that he saw a one and one-half inch gap height differential between the floor of the elevator cab and the lobby. This contradicts plaintiff's unequivocal testimony and is "plainly tailored to avoid dismissal of the action" (Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 324 [1st Dept 2006], affd 8 NY3d 931 [2007]). Significantly, the video footage revealed that plaintiff's husband flatly placed his foot on the gap between the elevator cab floor and lobby floor, never looked down at the floor as he exited into the lobby and thus could not have seen any alleged defective leveling condition.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021