Torres v Sanitation Salvage Corp. (2022 NY Slip Op 04110)

Torres v Sanitation Salvage Corp.

2022 NY Slip Op 04110

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 24285/18E Appeal No. 16184 Case No. 2021-04524 

[*1]Josephine Torres, Plaintiff-Appellant,
v
Sanitation Salvage Corp., Defendant, The Hunts Point Terminal Market, Inc., Defendant-Respondent.

Queller, Fisher, Washor, Fuchs & Kool and The Office of William A. Gallina, LLP, Bronx (David L. Engelsher of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Steven DiSiervi of counsel), for respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered November 9, 2021, which granted defendant Hunts Point Terminal Market, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that she was injured when, while descending a walking ramp, she slipped and fell from residue from discarded fruits and vegetables. Defendant established its entitlement to judgment as a matter of law by demonstrating that it neither created nor had notice of the allegedly defective condition of the walking ramp. In opposition, plaintiff failed to raise a triable issue of fact. While plaintiff claims that it was residue from discarded fruits and vegetables that caused her to fall, there is no evidence tending to show that defendant created or had actual notice of the condition, or how long it had been on the stairwell before the accident (see Rivera v 2160 Realty Co., 4 NY3d 837 [2005]). Moreover, the evidence, including plaintiff's own testimony, establishes that defendant Sanitation Salvage Corp., which Hunts Point Market hired, cleaned the area of plaintiff's accident within the hour preceding the accident. Plaintiff's past observations of the area at best tended to show that defendant had only a general awareness of residue on the ramp and were thus insufficient to raise an issue of fact as to constructive notice (see id.; Arce v 1704 Seddon Realty Corp., 89 AD3d 602 [1st Dept 2011]).
Based on the above determination we need not reach the other arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022