Powell v City of New York (2023 NY Slip Op 03843)

Powell v City of New York

2023 NY Slip Op 03843

Decided on July 13, 2023

Appellate Division, First Department

MENDEZ, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 13, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Supreme Court of the State of New York Appellate Division
First Judicial Department Troy K. Webber
Ellen Gesmer, Lizbeth González, Saliann Scarpulla, Manuel Mendez

Index No. 159841/18 Appeal No. 164 Case No. 2022-03316 

[*1]Conrad Powell, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Plaintiff appeals from the Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 27, 2022, which granted defendant's motion for summary judgment dismissing the complaint.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. Dellicarpini and Stephen C. Glasser of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Janet P. Ford of counsel), for respondent.

MENDEZ, J. 

Plaintiff appeals from the Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 27, 2022, which granted defendant's motion for summary judgment dismissing the complaint.
Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. Dellicarpini and Stephen C. Glasser of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Janet P. Ford of counsel), for respondent.
MENDEZ, J.
Plaintiff bringsthis Labor Law actionto recover for injuries he sustained on December 9, 2017, while in the course of his employment with nonpartyEmpire City Subway Company (Empire City), a subsidiary of nonpartyVerizon New York Inc. (Verizon), which paid his salary.
Empire City designed, serviced, and maintained subsurface electrical conduits and manhole infrastructure in Manhattan and the Bronx for the City of New York pursuant to a franchise agreementexecuted on May 15, 1891, in perpetuity. Plaintiff claims that he was part of a crew that was excavating a roadbed and making trenches to lay conduits to install Verizon telecommunication cable under the street. The crew was covering the trenches at the end of the workday when a backhoe pushed a steel plate onto his right foot, crushing it. Defendant City of New York was sued as the owner of the roadbed.
The City moved for summary judgment arguing that it had no notice of the alleged hazardous condition as required under the City's Pothole Law (Administrative Code of City of New York § 7-201 [c][2]).
In opposition, plaintiff argued thatthe Pothole Law does not apply because his injuries resulted from a construction accident, not a trip and fall on a defective roadway, and that prior written notice was not required for his claims. He also argued thatthere was a nexus between the work beingperformed and the City's statutory liability under the Labor Law.
In support of his arguments, plaintiff produced an uncertified copy of a 2008 franchise agreement between defendant and Verizon that was in effect on the date of the accident and was valid until June 20, 2020. He also produced a June 2, 2010 letter from the New York City Comptroller and a related audit report on Empire City. The audit report prepared by the New York City Comptroller in 2010 addressed the payment by Empire City of franchise taxes on license fees due to the City and Empire City's compliance with certain provisions of the 1891 franchise agreement, which is now administered by the New York City Department of Information Technology and Telecommunications.
The City argued for the first time in reply that there was no nexus between it and the work being performed andasserted that plaintiff failed to provide a copy of the franchise agreement between Empire City and the City to establish thatthere was a nexus. It also relied on its witness's deposition testimony that there was no valid permit for the work plaintiff was performing on December 9, 2017. However, the City's witness conceded that [*2]after his searchof the records he did not know if an emergency permit or renewal permit had been issued. The witness also testified that the database search identified only one permit issued for work from October 7, 2017 through November 12, 2017. When asked if a renewal or emergency permit could be obtained after the original permit expired, the witness stated that he did not know, and that the information could best be obtained from the Permit Management Office. He was also unfamiliar with the emergency permit process and did not know if an emergency could be corrected before an emergency permit was issued. When asked if a submitted application that was not yet granted would have shown up in his database search, he again stated that he did not know.
The witness's lack of knowledge renders his testimony inconclusive and speculative as to whether Empire City was working without a permit on the day plaintiff was injured, warranting denial of summary judgment (see Montolio v Negev LLC, 86 AD3d 483, 483 [1st Dept 2011] Signorelli v Great Atl. & Pac. Tea Co., Inc. 70 AD3d 439, 439-440 [1st Dept 2010]; Zaher v Shopwell, Inc., 18 AD3d 339, 340 [1st Dept 2005]). Additionally, the City failed to demonstrate that there was no nexus between it and plaintiff's work (see Morton v State of New York, 15 NY3d 50, 56 [2010]; Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51 [2004]). In fact, defendant's motion papers did not address plaintiff's Labor Law claims.
The City's reply papers, which only point to gaps in plaintiff's proof, do not make a prima facie case (see Nestenborg v Standard Inter. Mgt. LLC, 191 AD3d 579, 579 [1st Dept 2021]; Torres v Merrill Lynch Purch., 95 AD3d 741, 742 [1st Dept 2012]). Its failure to make a prima facie showing requires denial of summary judgment regardless of the sufficiency of the opposing papers.
Assuming that the City met its prima facie burden, viewing the evidence presented in a light most favorable to the plaintiff as the nonmoving party, there remain triable issues of fact as to whether there existed a nexus between plaintiff and the City (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). Furthermore, plaintiff sought certified copies of the franchise agreements for both Verizon and Empire City as part of discovery and defendant failed to provide them. Thus, the City's challenge to the franchise documentation as being unauthenticated should have been rejected by the court, as copies of the documents remained in defendant's exclusive possession and control but were not provided to plaintiff (CPLR 3212 [f]; Corona v HHSC 13th Str. Dev. Corp., 197 AD3d 1025, 1026 [1st Dept 2021]; Lyons v New York City Economic Dev. Corp., 182 AD3d 499-500 [1st Dept 2020]).
Accordingly, the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered July 27, 2022, which granted defendant City of New York's motion for summary judgment dismissing the complaint, should be reversed, on the law, without [*3]costs, and the motion denied.
All concur except Webber, J.P. and Scarpulla, J.
who dissent in an Opinion by Webber, J.P.

WEBBER, J.P., (dissenting)
 

I would affirm Supreme Court's decision granting defendant City summary judgment. The City demonstrated as a matter of law that there was no nexus between it and plaintiff's work (see Morton v State of New York, 15 NY3d 50, 56 [2010]; Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51 [2004]).
On December 9, 2017, plaintiff Conrad Powell was part of a crew excavating a roadbed to install a telecommunication cable under the street. Plaintiff was allegedly injured when a backhoe accidentally pushed a steel plate that was being used to cover a trench onto his right foot, crushing it.
Plaintiff was employed by nonparty Empire City, a subsidiary of nonparty Verizon. Verizon issued the check for his salary and wages. Plaintiff testified that Verizon was performing the work using its own tools and equipment. According to plaintiff, Verizon alone was present at the worksite, and it was Verizon's supervisors who directed his work. He testified that the City was not present at the worksite.
In October 2018, plaintiff commenced this action against the City alleging personal injury damages proximately caused by the City's negligence and the City's violations of Labor Law §§ 240(1), 241(6), and 200. The City moved for summary judgment, arguing it had no notice of the alleged hazardous condition, including required written notice pursuant to the City's Pothole Law (Administrative Code of City of NY § 7-201[c][2]). The City, citing a City Department of Transportation (DOT) search as well as deposition testimony including plaintiff's, argued it had no contract for, awareness of, or involvement in, the work Verizon was performing at the time of plaintiff's injury. The City also argued that Verizon did not have a valid permit for the work it was performing when plaintiff was injured.
Plaintiff opposed the motion, arguing that his injury was not proximately caused by a hazardous roadbed defect. Rather, according to plaintiff, it was an accident that arose from unsafe work conditions during construction. Plaintiff argued that the City, as a movant for dispositive relief, did not establish a prima facie case for summary judgment, particularly regarding his Labor Law claims, as the City failed to demonstrate the absence of a nexus between his work injury and the City's status as owner of the public road. In support, plaintiff annexed a City Comptroller audit letter and a franchise agreement between the City and Verizon.
In reply, the City argued that the audit letter and franchise agreement lacked probative value as they were unauthenticated and/or unsigned. Moreover, the City argued, even assuming those documents were admissible, they did not establish the required nexus to render the City a proper Labor Law defendant since there was no evidence Verizon received the requisite authority to work at the accident [*4]location, particularly as the work permit at the site had expired several days before the accident, and there was no City contract for the work at issue. The City also argued that it was "not an owner under the Labor Law," as plaintiff performed the work for his employer (Verizon), not under a contract with the City; the City lacked notice of the work being performed; and Verizon lacked a valid permit to perform the work that led to the accident.
In my opinion, Supreme Court properly granted the City's motion for summary judgment because the City was not a proper Labor Law defendant. The court found that it was undisputed that the City did not contract for the work plaintiff was performing at the time of the accident, and there was no lease agreement, easement, or other property interest creating a nexus between plaintiff and the City. Further, the court properly found the unauthenticated franchise agreement between the City and Verizon insufficient to transform the City into a proper Labor Law defendant, noting that, at most, the City issued a permit for the work that expired three days before plaintiff's accident. As the court noted, the City conducted an inspection before the permit expired and observed that no work was being performed. Lastly, the court properly found that the City demonstrated that it neither caused, created, nor had prior written notice of the offending condition.
As a threshold matter, Supreme Court properly considered the City's "nexus" argument, which was raised for the first time in reply. It is well settled that the function of reply papers is not to introduce new grounds, argument, or evidence in support of a motion, inasmuch as the opposing party would be deprived of a fair opportunity to respond to the new contentions or evidence (EPF Intl. Ltd. v Lacey Fashions Inc., 170 AD3d 575, 575 [1st Dept 2019]; Dannasch v Bifulco, 184 AD2d 415, 416-417 [1st Dept 1992]). However, additional arguments or evidence submitted by a movant in reply papers may be considered if such evidence or arguments merely respond to the arguments raised in the opposition papers (see Sanford v 27-29 W. 181st St. Assn., 300 AD2d 250, 251 [1st Dept 2002]) or if the arguments raised in the reply involve questions of law that can be resolved on the existing record (see HSBC Bank USA v Merrill Lynch Mtge. Lending, Inc.,175 AD3d 1149, 1150 [1st Dept 2019]).
Here, in opposition, plaintiff argued that the City's moving papers did not address the nexus issue underlying his Labor Law claims. In its reply, the City argued that there was a lack of nexus between Verizon's work, plaintiff's injury, and the City. Thus, the court providently considered the City's responsive argument in its reply (see e.g. Baxter St. Condominium v LPS Baxter Holding Co., LLC, 205 AD3d 640, 641 [1st Dept 2022]; Keerdoja v Legacy Yards Tenant, LLC, 166 AD3d 418, 419 [1st Dept 2018]). Moreover, contrary to the majority's view, the City's responsive arguments involved questions of [*5]law that the court resolved on the existing record. Indeed, plaintiff has not shown he was prejudiced by the court's consideration of the nexus issue, or that the court did not permit him the opportunity to respond to the City's response to plaintiff's nexus argument (see generally Matter of Hereford Ins. Co. v Vazquez, 158 AD3d 470 [1st Dept 2018]).
Labor Law § 240(1) imposes absolute liability on owners and contractors for any breach of a statutory duty that proximately causes injury (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]). To come within the special class for whose benefit absolute liability is imposed, "a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]). Thus, substantively, where a plaintiff has no authority to work at the premises, absent an adequate nexus between the plaintiff and the owner, the owner will not be liable under the Labor Law (see Morton, 15 NY3d at 56; Abbatiello, 3 NY3d at 51 [2004]; Garcia v 13 W. 38 LLC, 214 AD3d 408, 409 [1st Dept 2023]).
As noted by Supreme Court, the franchise agreement required Verizon to secure appropriate authorization from the DOT, in the form of a permit, to perform roadbed work at the subject location. The only known permit uncovered after a records search expired weeks before plaintiff's injury at the location. The franchise agreement, standing alone, is insufficient to garner plaintiff protection under the Labor Law, particularly where the language therein explicitly requires additional authorization to obtain entry onto a premises (roadbed).
The City's witness did not exhibit any lack of knowledge that rendered his testimony inconclusive and/or speculative as to whether the City granted permission to Verizon for the work performed. Specifically, the record researcher employed by the DOT testified at a deposition that he conducted a search as to the roadway segment in question from December 9, 2015 to December 9, 2017, the date of the incident. That search uncovered an application by Empire City to conduct a "major installation" by opening the roadway to build a conduit. The permit was effective from October 7, 2017 to November 12, 2017. Another document recorded that the DOT inspected the work site on November 15, 2017, which was three days after the permit expired and three weeks before the date of plaintiff's accident. The DOT inspection document indicated that the permit had expired, and no work had been performed. Thus, the evidence submitted clearly established that there was no permit in effect at the time of plaintiff's accident.
In my opinion, given the evidence that a permit was required for the roadbed excavation work that plaintiff was engaged in at the time he was injured, and that the permit obtained expired three weeks before plaintiff was injured [*6]at the job site, the City established its prima facie case on the nexus issue by its proof that the permit for the work Verizon and plaintiff were engaged in had expired before the date plaintiff was injured, rendering plaintiff an unprotected trespasser upon the roadbed (see Morton, 15 NY3d at 59-60).
Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 27, 2022, reversed, without costs.
Opinion by Mendez, J. All concur except Webber, J.P. and Scarpulla J. who dissent in an Opinion by Webber, J.P.
Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 13, 2023